IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| KATHLEEN A. BREEN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:05CV00654-RWR |
| ) | |
| NORMAN Y. MINETA, et al., ) | |
| ) | |
| Defendants ) | |

DEFENDANTS' STATEMENT OF NON-OPPOSITION TO
MOTION TO WITHDRAW OF PLAINTIFF PAUL CAHOON

Defendants do not oppose the motion of plaintiff Paul Cahoon to withdraw as a plaintiff in this action. Defendants set forth their understanding of the nature and consequences of Mr. Cahoon's proposed dismissal of his action in order to avoid even a possible appearance that defendants are setting a potential trap for the unwary by not opposing the dismissal.

1. Cahoon apparently seeks to withdraw as a plaintiff in order to challenge his loss of federal employment in a different forum, the Merit Systems Protection Board ("MSPB"). In administrative proceedings brought by Cahoon before the MSPB, the Department of Transportation has argued that the MSPB lacks subject matter jurisdiction because Cahoon has already challenged his removal in this civil action and, having elected that remedy, he cannot simultaneously challenge the same action before the MSPB. Exhibit 1 hereto (agency motion to dismiss before MSPB). Cahoon has argued in response 1) that he had not been aware that the reduction in force was at issue in this civil action, and 2) that he was in any event

having himself dismissed as a party in the civil action. Exhibit 2 hereto at 3. The agency's reply in the MSPB proceedings has argued that any right Cahoon may once have had to proceed before the MSPB has been forever waived by his having filed this civil action and cannot be revived by his dismissal from this civil action. Exhibit 3 hereto at 2-3 n.4.

Defendants' non-opposition to Cahoon's motion to withdraw should not be understood as a withdrawal by the agency of that argument that it has put before the MSPB. If Mr. Cahoon wishes to proceed to withdraw from this case, it should be with a full understanding that the agency has argued to the MSPB that the MSPB will continue to lack subject matter jurisdiction over Mr. Cahoon's claim even if Mr. Cahoon is dismissed as a party in this civil action.[1]

**2.** In the event that the Court dismisses Mr. Cahoon as a party and the MSPB later decides that it lacks subject matter jurisdiction over Mr. Cahoon's administrative claim, it may be that Mr. Cahoon will seek to reinstate his participation in this action. It does not seem appropriate for the Court to grant what would amount to a merely contingent dismissal until Mr. Cahoon can obtain an opinion from the MSPB whether dismissing this case would make a difference to that

---

[1] Defendants do not, of course, reargue in this forum the arguments this memorandum reports that the agency has made before the MSPB, since it is for the MSPB, rather than this Court, to decide in the first instance how, if at all, the MSPB's jurisdiction is affected by the institution of this action, by a dismissal of this action with respect to Cahoon (if it is dismissed), and by Cahoon's contention (if accepted as a matter of fact) that he was unaware that this civil action challenged his removal.

forum's jurisdiction. Accordingly, if the dismissal is granted, Mr. Cahoon should not have an automatic right to reinstate his participation in this action if he fails before the MSPB, and defendants therefore do not waive whatever right they may have to oppose a subsequent motion to reinstate Mr. Cahoon's participation in this action. Since the question whether Mr. Cahoon could reinstate his participation in this action may never arise, and since, if it does, both the Court's discretion and defendants' position will be better informed by intervening events, it is not necessary at this time to attempt to decide whether Mr. Cahoon should be able to reinstate this action if his motion to withdraw is granted. It is enough at this time to note that Mr. Cahoon's dismissal will not be merely contingent, that is, he will not have an automatic right to flip his participation in this civil action back into the on position if ever it becomes advantageous to do so. Rule 15 gives the Court ample discretion to deal with any question whether Mr. Cahoon could reinstate his participation if and when that issue does arise in light of the equities as they may then appear.[2]

---

[2] The text addresses only the question of reinstatement of this action. Under Rule 41(a)(2), "[u]nless specified otherwise, a dismissal under this paragraph is without prejudice." Defendants do not request that the order of dismissal specify otherwise, so the dismissal of this action would not – by itself – bar Cahoon from filing a different action. In making this observation, however, defendants do not waive any statute of limitations defense (or, for that matter, any other defense). Defendants also do not waive their right to argue that, once Cahoon is dismissed as a party in this action, neither the institution of a new action nor the reinstatement of Cahoon's participation in this action would be entitled to "relate back" to the original filing Cahoon now wishes to have dismissed.

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

STUART A. LICHT
Assistant Branch Director
Civil Division

    */s/ Brian G. Kennedy*
BRIAN G. KENNEDY (D.C. Bar 228726)
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.  Room 6104
Washington, D.C.  20530
Tel.: (202) 514-3357  Fax: (202) 616-8470
Email: brian.kennedy@usdoj.gov

Attorneys for Defendants