UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KATHLEEN A. BREEN, <u>et al.</u>, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) C.A. No. 05-00654 (RWR) |
| | ) |
| MARY E. PETERS | ) |
| SECRETARY OF TRANSPORTATION | ) |
| DEPARTMENT OF TRANSPORTATION, <u>et al.</u>, | ) |
| | ) |
| Defendants. | ) |

### **NOTICE TO PLAINTIFF**

You are a Plaintiff in the above-captioned age discrimination case against the Federal Aviation Administration. The attorneys of GEBHARDT & ASSOCIATES, LLP, who currently represent the Plaintiffs in this case, have attempted to contact you through several different means of communication, including two detailed letters, in an effort to determine whether you wish to continue being represented by our law firm. You have either indicated that you do not wish for GEBHARDT & ASSOCIATES to represent you, or you have not responded to these communication efforts, which has been understood as an indication that you wish to represent yourself. Accordingly, GEBHARDT & ASSOCIATES has filed the enclosed Motion with the Court, indicating that you no longer wish to be represented by our firm.

Local Rule 83.6(c) of the U.S. District Court for the District of Columbia states that "a motion to withdraw an appearance shall be accompanied by a certificate of service listing the party's last known address and stating that the attorney has served upon the party a copy of the motion and a notice advising the party to obtain other counsel, or, if the party intends to conduct the case <u>pro se</u> or to object to the withdrawal, to so notify the Clerk in writing within five days of service of the motion."

Accordingly, we are advising you that you may obtain other counsel to represent you in this matter. Alternatively, you may represent yourself (<u>pro se</u>). If you intend to represent yourself or wish to object to this Motion, you should contact the Clerk of Court in writing by no later than **June 25, 2007**, at: Clerk of Court, U.S. District Court for the District of Columbia, 333 Constitution Ave., N.W., Washington, DC 20001. Also, to effectuate future communications with the parties and/or the Court, please provide GEBHARDT & ASSOCIATES, LLP, with your email address by sending an email to FAACase@covad.net. Thank you.

JOSEPH D. GEBHARDT, ESQ.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KATHLEEN A. BREEN, et al.,        )
                                  )
            Plaintiffs,           )
                                  )
      v.                          ) C.A. No. 05-00654 (RWR)
                                  )
NORMAN Y. MINETA                  )
SECRETARY OF TRANSPORTATION       )
DEPARTMENT OF TRANSPORTATION, et al., )
                                  )
            Defendants.           )
_____)

### PLAINTFFS' NOTICE OF SERVICE

I HEREBY CERTIFY that a copy of the following Notice to Plaintiff, Motion to Withdraw as Counsel for 714 Plaintiffs, Memorandum of Points and Authorities in Support of Motion to Withdraw as Counsel for 714 Plaintiffs, and the proposed Order was served this 13th day of June, 2007, via first class mail, postage prepaid, upon the 714 Plaintiffs listed in Exhibit 1 and the Certificate of Service, which were both filed with the Court on June 8, 2007. Copies of Exhibit 1 (names and addresses of 714 Plaintiffs) and Exhibit 2 (letters from 20 Plaintiffs requesting pro se status) are not being mailed because of their voluminous nature, but are available to any Plaintiff upon written request to undersigned counsel within 30 days of the date of this Notice.

_____
JOSEPH D. GEBHARDT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KATHLEEN A. BREEN, et al.,        )
                                  )
        Plaintiffs,                )
                                  )
v.                                )   C.A. No. 05-00654 (RWR)
                                  )
MARY E. PETERS                    )
SECRETARY OF TRANSPORTATION       )
DEPARTMENT OF TRANSPORTATION, et al., )
                                  )
        Defendants.                )
_____)

## MOTION TO WITHDRAW AS COUNSEL FOR 714 PLAINTIFFS

Pursuant to Local Rule 83.6, undersigned counsel hereby move this Court for leave to withdraw as counsel for 714 of the Plaintiffs listed in Exhibit 1 to this Motion, on the grounds that these individuals have indicated in writing or by their conduct that they no longer wish to be represented by GEBHARDT & ASSOCIATES, LLP. Undersigned counsel has contacted counsel for Defendants, who have taken no position on this Motion but who reserve their right to file a response. In support of this Motion, the Court is referred to the attached Memorandum of Points and Authorities. An appropriate Order accompanies this Motion.

                                Respectfully submitted,

                                _____/s/_____
                                JOSEPH D. GEBHARDT
                                    (D.C. Bar No. 113894)
                                CHARLES W. DAY, JR.
                                    (D.C. Bar No. 459820)
                                MARK A. DANN
                                    (D.C. BAR No. 484523)
                                LENORE C. GARON
                                    (D.C. BAR No. 172205)
                                GEBHARDT & ASSOCIATES, LLP
                                1101 17th Street, N.W., Suite 807
                                Washington, DC 20036-4716
                                (202) 496-0400

June 8, 2007                    Counsel for Plaintiffs

---

to ensure that the two mailings were properly addressed and sent to each of these Plaintiffs.

Counsel explicitly informed all 912 Plaintiffs in our first letter to the Plaintiffs of February 16, 2007, inter alia:

> You now have to make a decision about your involvement in this case. You have three options: (1) Continue as an active Plaintiff with our law firm's representation. (2) Stay in the case without representation ("pro se"). (3) Request dismissal from the case.

In our February 16 mailing (a 5-page letter and a question-naire), counsel provided the Plaintiffs with a response form that stated "I understand that if I do not respond I will be considered pro se."

Two months later, on April 17, 2007, counsel followed up with a second mailing (a 5-page letter and Defendants' first discovery requests) to the approximately 700 nonresponding Plaintiffs which stated, inter alia:

> We are writing to you and all the plaintiffs in the Flight Service Controllers' age discrimination case against the FAA who have not yet signed up for legal representation. This is to offer you one last chance to obtain representation in this large, complex federal district court lawsuit before the Court's May 8, 2007 deadline.
>
> If you do not have legal representation, you will be obligated to represent yourself . . . .

In sum, undersigned counsel have diligently attempted to communicate with the 694 nonresponding pro se Plaintiffs, but these individuals have remained uncommunicative.

**Withdrawal is appropriate under the circumstances.**

Withdrawal of counsel is governed by Local Rule 83.6(c):

**WITHDRAWAL OF APPEARANCE BY MOTION.**

If a trial date has been set, or if a party's written consent is not obtained, or if the party is not represented by another attorney, an attorney may withdraw an appearance for a party only by order of the court upon motion by the attorney served upon all parties to the case. Unless the party is represented by another attorney or the motion is made in open court in the party's presence, a motion to withdraw an appearance shall be accompanied by a certificate of service listing the party's last known address and stating that the attorney has served upon the party a copy of the motion and a notice advising the party to obtain other counsel, or, if the party intends to conduct the case pro se or to object to the withdrawal, to so notify the Clerk in writing within five days of service of the motion.

2

---

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KATHLEEN A. BREEN, et al.,        )
                                  )
        Plaintiffs,                )
                                  )
v.                                )   C.A. No. 05-00654 (RWR)
                                  )
MARY E. PETERS                    )
SECRETARY OF TRANSPORTATION       )
DEPARTMENT OF TRANSPORTATION, et al., )
                                  )
        Defendants.                )
_____)

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
## MOTION TO WITHDRAW AS COUNSEL FOR 714 PLAINTIFFS

GEBHARDT & ASSOCIATES, LLP, through undersigned counsel, hereby moves to withdraw from representation of 714 of the named Plaintiffs who have either requested to represent themselves pro se or who have not responded to counsel's two written communications to them regarding representation in prosecuting their claims. See Ex. 1. Twenty Plaintiffs have affirmatively indicated to undersigned counsel in writing that they wish to proceed in this matter pro se.[1] See Ex. 2. Plaintiffs' counsel has twice written detailed letters, with lengthy attachments, to another set of 694 named Plaintiffs in order to obtain the information necessary to prosecute this case on their behalf, respond to Defendants' discovery requests, and make payment arrangements. The vast majority of these 694 Plaintiffs were originally recruited by a union, which is no longer representing the Flight Service Controllers, except in the State of Alaska where the Controllers are still federal employees. Now that the union no longer represents the Plaintiffs, undersigned counsel has twice attempted to contact all Plaintiffs by letter, including the 694 Plaintiffs, and has worked diligently

---

[1] These 20 Plaintiffs are: Tye C. Bjorkman; Angela B. Bowman; Norman B. Buckallew; Jean K. Caruso; Kenneth C. Currier; Martha L. Grimsley; Georgianne Hanjoul; Michael A. Helwig; Eddie A. Krenzelok; John Lazor; William L. Liebeno; Randell S. Liles; Fred E. Lippi; Robert Pedraza; Frances T. Siedler; Duane S. Swanson; Steven Tangen; Eldon D. Taylor, Jr.; Jeffrey G. Trabold; and Jim G. Wilkerson. Ex. 2. (In addition, Plaintiff Penny V. Pavlicka verbally informed undersigned counsel of her decision to continue in this case without legal representation.)

---

Attached to this Memorandum as Exhibit 2 are the written consents of the 20 Plaintiffs who responded to undersigned counsels' communications and expressly stated, in writing, that they no longer wish to be represented by GEBHARDT & ASSOCIATES. Attached to this Memorandum as Exhibit 3 is a Notice to Plaintiff, which sets forth his/her options as provided under Local Rule 83.6(c). Because of the extensive mailing that is required, as reflected in the Certificate of Service at the end of this Memorandum, each of the 694 nonresponding Plaintiffs will be served a copy of undersigned counsel's Motion, Memorandum, and Notice via mail by, Wednesday, June 13, 2007. (The response time for the recipient Plaintiffs will run from the date of actual service, and undersigned counsel will file a separate Notice of Service when service has been accomplished via our next mailing.)

**Good reason exists to grant this motion to withdraw.**

"The decision to grant or deny a motion by an attorney to withdraw as counsel is committed to the discretion of the trial court." Oliver v. United States, 832 A.2d 153, 156 (D.C. 2003), (quoting Crane v. Crane, 657 A.2d 312, 318-319 (D.C. 1995)). Absent prejudice to an opposing party, there can be no reason to deny withdrawal where the client has indicated that s/he no longer wishes to be represented by the attorney who seeks to withdraw. Further, courts have uniformly recognized that, absent unfair prejudice to the client or to opposing counsel, attorneys should be permitted to withdraw when clients are not communicating with them or have indicated that they are not willing or able to pay their attorney fees. See e.g., Cobell v. Norton, Civil Action No. 96-1285 (RCL) (D.D.C., Feb. 5, 2003); Barton v. D.C., 209 F.R.D. 274, 277-78 (D.D.C. 2002) (quoting Lieberman v. Polytop Corp., 2 Fed. Appx. 37, 39-40 (1st Cir. 2001)); Crane, 657 A.2d at 318-319. In this case, in which some Plaintiffs have expressly stated that they no longer wish to be represented by GEBHARDT & ASSOCIATES, and hundreds of others have not responded to undersigned counsel's two letters nor given any indication of willingness to pay counsel, it would be unreasonable to deny this Motion to Withdraw as counsel for those Plaintiffs.

3

**Withdrawal at this time will not have a material adverse effect on the Plaintiffs.**

Pursuant to Rule 1.16 of the District of Columbia Rules of Professional Conduct, the proposed withdrawal will not have a "material adverse effect" on the interests of the unrepresented Plaintiffs. Besides this Motion to Withdraw, no other motions are pending that would affect or be affected by the 714 Plaintiffs who have not indicated a desire to continue representation with GEBHARDT & ASSOCIATES, LLP. Those 714 Plaintiffs will have sufficient time to seek other counsel if they decide not to continue pro se.

**Withdrawal will not prejudice Defendants.**

Undersigned counsel's withdrawal from representation of the 714 Plaintiffs will not in any way delay this action or prejudice Defendants. Discovery is in a very early stage, and no trial date has been set. No change in the dates of the Scheduling Order will be necessitated by the granting of this Motion. See, e.g., Laster v. District of Columbia, 460 F. Supp. 2d 111, 113 (D.D.C. 2006); Crane, 657 A.2d at 318 & n.14.

Moreover, undersigned counsel and Defendants' counsel have discussed the logistics of notifying pro se Plaintiffs of future motions and scheduling issues. Plaintiffs suggest that such issues may be addressed in an efficient and effective manner through the use of electronic mail. Plaintiffs propose that the Court issue a Notice to all pro se Plaintiffs requiring them to provide the Court and the parties with an email address at which they may be served upon pain of dismissal from the case. To the extent that undersigned counsel have email addresses for the pro se Plaintiffs, they will supply them to the Court and to Defendants. Further notice of all proceedings could then be communicated to all parties by email.

4

Respectfully submitted,

_____/s/_____
JOSEPH D. GEBHARDT
(D.C. Bar No. 113894)
CHARLES W. DAY, JR.
(D.C. Bar No. 459820)
MARK A. DANN
(D.C. BAR No. 484523)
LENORE C. GARON
(D.C. BAR No. 172205)
GEBHARDT & ASSOCIATES, LLP
1101 17th Street, N.W., Suite 807
Washington, DC 20036-4716
(202) 496-0400

June 8, 2007                    Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Motion to Withdraw as Counsel for 714 Plaintiffs, supporting Memorandum of Points and Authorities, proposed Order, and Exhibits 1-3 has been served on Defendants' counsel via electronic filing through the court, and will be served on or before the 13th day of June, 2007, via first class mail, postage prepaid, upon the 714 Plaintiffs listed in Exhibit 1, and that undersigned counsel will file a separate Notice of Service when service has been completed.

_____/s/_____
JOSEPH D. GEBHARDT

5

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

KATHLEEN A. BREEN, et al.,      )
                                )
            Plaintiffs,         )
                                )
    v.                          )   C.A. No. 05-00654 (RWR)
                                )
MARY E. PETERS                  )
SECRETARY OF TRANSPORTATION     )
DEPARTMENT OF TRANSPORTATION, et al., )
                                )
            Defendants.         )

**ORDER**

UPON CONSIDERATION of Motion to Withdraw as Counsel for 714 Plaintiffs, Defendants' response, if any, and the full record, the Court hereby this ____ day of June, 2007, finds:

1. That 20 Plaintiffs have voluntarily discharged GEBHARDT & ASSOCIATES, LLP as their attorneys;

2. That GEBHARDT & ASSOCIATES, LLP has twice communicated with 694 Plaintiffs in writing regarding the status of the case and continuing the firm's representation;

3. That counsel's efforts to communicate with the Plaintiffs are sufficient;

4. That the above 694 Plaintiffs have not responded to GEBHARDT & ASSOCIATES, LLP or provided counsel with the information needed to prosecute the case or respond to Defendants' discovery requests;

5. That there will be no "material adverse effect" on the Plaintiffs from counsel's withdrawal because the case is in the early stages of discovery, there are no other motions pending to which Plaintiffs must respond, and Plaintiffs have an opportunity to obtain other counsel;

6. That there will be no prejudice to Defendants from counsel's withdrawal as to the 714 Plaintiffs;

7. That it is well settled that counsel may withdraw when further representation is not possible because of lack of communication from the client;

WHEREFORE it is hereby ORDERED:

1. That counsel's Motion is GRANTED;

2. That within 30 days of receipt of this Order, each of the Plaintiffs named below SHALL provide the Clerk of the Court with a valid email address at which they can be served with papers related to this case;

3. That any Plaintiff who fails to provide an email address within the time specified SHALL be dismissed from this case without prejudice; and

4. That the attorneys of GEBHARDT & ASSOCIATES, LLP shall be withdrawn as counsel for the 714 Plaintiffs in the above-captioned case listed at the conclusion of this ORDER.

_____
RICHARD W. ROBERTS
UNITED STATES DISTRICT JUDGE

2