UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
KATHLEEN A. BREEN, et al.,            )
                                      )
            Plaintiffs,               )
                                      )
     v.                               ) C.A. No. 05-00654 (RWR)
                                      )
MARY E. PETERS                        )
SECRETARY OF TRANSPORTATION           )
DEPARTMENT OF TRANSPORTATION, et al., )
                                      )
            Defendants.               )
_____)
```

### DECLARATION OF KATHLEEN A. BREEN

1. I am a named Plaintiff in the above-captioned action. I reside at 680A Voluntown Road, Griswold, CT 06351. I am making this Declaration under penalty of perjury for use in this action, to explain the previously existing payment arrangements between the Plaintiffs and our counsel at Gebhardt & Associates, LLP, and why those arrangements were changed.

2. From September 1990 to October 2005, I was a Flight Service Air Traffic Control Specialist ("Flight Service Controller") employed by the Federal Aviation Administration ("FAA"). From October 2005 to March 2007, I was employed as a Flight Service Controller by Lockheed Martin. Since March 2007, I have not been employed as a Flight Service Controller.

3. From November 2004 to November 2006, I was President of the National Association of Air Traffic Specialists (hereinafter " NAATS" or "the Union"), the Union of the Flight Service Controllers employed by the FAA.

4. Beginning in approximately June 2003, when the Flight Service Controllers were identified as the only unit of the FAA to be subjected to an A-76 contracting study, the Union became concerned that a purpose of the process appeared to be to rid the FAA of the Flight Service Controllers, more than 90 percent of whom were above the age of 40.

5. On or about January 29, 2005, when it became apparent that the function of the Flight Service Controllers was going to be outsourced to the private sector, the Union retained the Gebhardt & Associates law firm to assist us in challenging the award of the contract on the ground that it is the result of and has the effect of illegal discrimination on the basis of age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 <u>et seq</u>., against Flight Service Controllers over the age of 40.

6. The Union agreed that it would pay Gebhardt & Associates on an hourly basis to represent all Union members over the age of 40 who were affected by the contract award and the reduction-in-force ("RIF") that would follow and who wished to be parties to the suit. Payment was not contingent on any result or event. A copy of my letter retaining the firm is Attachment A to this Declaration. The Union obtained from each interested member an authorization for Gebhardt & Associates to file notice with the Equal Employment Opportunity Commission of intent to bring an age discrimination action, as required by 29 U.S.C. § 633a. My authorization letter, which is substantially

similar to all of those obtained, is Attachment B to this Declaration. These individuals became the Plaintiffs named in the original Complaint and the First Amended Complaint in this action.

7. On February 1, 2005, the FAA formally announced that Lockheed Martin had been awarded the contract for the nation's Flight Service work for the next five years.

8. Gebhardt & Associates filed the instant lawsuit on March 31, 2005, seeking, *inter alia*, an injunction against implementation of the contract with Lockheed Martin. Injunctive relief was denied on September 30, 2005, and the RIF occurred on October 3, 2005.

9. The Union paid the fees and expenses of the suit through February 3, 2006.

10. Following the RIF, Lockheed Martin did not recognize NAATS as the Union representative of the Flight Service Controllers to whom it offered employment. NAATS has continued to represent only the Flight Service Controllers in Alaska, who continue to be employed by the FAA, have no cognizable interest in this lawsuit, and cannot legally or morally be expected to fund it.

11. Because NAATS no longer represents Flight Service Controllers other than those in Alaska, it receives no dues payments from the Flight Service Controllers who were subjected to the RIF (except for a few Controllers subsequently placed in Alaska). The Union thus has no funds with which it can continue

to pay Gebhardt & Associates for representing those former members pursuant to the original agreement.

12. I know of no source of funds to which the Union or any of its members have access that could pay the firm's fees and expenses, other than the former members' own pockets.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on July 12, 2007.

*[signature: Kathleen A. Breen]*

KATHLEEN A. BREEN

Attachments A & B