**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
KATHLEEN A. BREEN, et al.,         )
                                    )
          Plaintiffs,               )
                                    )
     v.                             )  C.A. No. 05-00654 (RWR)
                                    )
MARY E. PETERS                      )
SECRETARY OF TRANSPORTATION         )
DEPARTMENT OF TRANSPORTATION, et al.,)
                                    )
          Defendants.               )
                                    )
```

### JOINT MEMORANDUM

Pursuant to the Court's August 27, 2007, Minute Order, counsel for Plaintiffs Kathleen A. Breen, et al., and Defendants Mary E. Peters, et al., by and through their undersigned counsel, hereby file this Joint Memorandum detailing all of the issues about which parties seek a status conference, and their respective positions on those issues:

### PENDING MOTIONS

There are presently nine (9) Motions pending before the Court, see Docket Nos. 63, 64, 65, 71, 76, 78, 84, 90, 99.  In addition, Docket No. 79, a letter of plaintiff Kevin R. Larkin asking to withdraw from the action, should probably be deemed a motion.  Cf. Rule 41, F. R. Civ. Proc.

The parties are seeking the Court's guidance on how to proceed pending a ruling on these Motions.  The parties' respective positions on these Motions are described below.

**I.   Motion to Withdraw as Counsel.**

On June 8, 2007, GEBHARDT & ASSOCIATES, LLP, filed a Motion to Withdraw as Counsel for 714 Plaintiffs (Docket No. 71). See also Defs' Opp. (June 8, 2007) (Docket No. 77); Pls' Reply (July 13, 2007) (Docket No. 83).

**A.   Plaintiffs' Position.**

Plaintiffs' counsel are seeking the Court's approval of their Motion to Withdraw as Counsel.  After learning that Plaintiffs' former union could no longer meet its obligations under their retainer agreement, Plaintiffs' undersigned counsel sent two letters to each Plaintiff and informed them about the type of data and payment arrangements counsel would need to respond to Defendants' discovery requests and prosecute their claims.  (For each individualized response to Defendants' discovery requests, undersigned counsel have had to devote several hours of attorney and law clerk time, including time spent contacting and communicating with the Controllers, reviewing their documents, and drafting/revising their interrogatory responses.) Plaintiffs were also informed that if they did not provide the necessary data and payment, counsel could no longer represent them (they would be considered "unrepresented" or "pro se"). The salient facts supporting the withdrawal request are that the 714 Plaintiffs named in the Motion indicated in writing or by their conduct that they no longer wish to be represented by GEBHARDT & ASSOCIATES, LLP, and undersigned counsel cannot carry

the burden of representing so many Plaintiffs without compensation.  Moreover, it is unfair to those clients who are paying to insist that their counsel's time be spent on a larger group who are not paying. On February 7, 2007, the Court denied Plaintiffs' Motion for Class Certification, making this a case of 912 individual Plaintiffs, and denying the present Motion to Withdraw as Counsel would be the functional equivalent of requiring counsel to represent more than 700 individuals <u>pro bono</u> because these Plaintiffs have not paid any attorney fees or expenses.

Plaintiffs believe a prompt and favorable decision on the Motion to Withdraw as Counsel is crucial to the parties' efforts to move forward with discovery, and that the Court's decision on this Motion will impact most of the other pending motions. If the Court grants the Motion, counsel will be able to devote their full attention, with the resources available, to prosecuting the claims of the 177 Plaintiffs who have paid for counsel's efforts and have demonstrated their commitment to their case, without further delay.  (All 177 "represented" Plaintiffs have responded to Defendants' discovery responses and are prepared to proceed.) Also, Plaintiffs' undersigned counsel have regularly updated Defendants' counsel and the Court about which Plaintiffs have sought their representation and will continue to do so as the case moves forward. <u>See e.g.</u>, Praecipe (Docket Nos. 59, 66, 100).

### B. Defendants' Position.

A decision whether GEBHARDT & ASSOCIATES, LLP, or no one, is representing some 714 of the plaintiffs is an important precursor to deciding any other motions with respect to those plaintiffs. GEBHARDT & ASSOCIATES, LLP, have expressed reluctance to respond to discovery or motions with respect to those plaintiffs until the Court decides whether representing those plaintiffs is their responsibility. While defendants do not agree that GEBHARDT & ASSOCIATES, LLP, should be allowed to withdraw or that they are entitled as of right to a stay of any such obligation to represent those plaintiffs pending ruling on their motion, defendants are reluctant to impose immediate obligations on GEBHARDT & ASSOCIATES, LLP, to represent the 714 plaintiffs pending a ruling by the Court whether Gebhardt must do so. On the other hand, since GEBHARDT & ASSOCIATES, LLP, are counsel of record pending the Court's ruling, defendants cannot directly contact or serve those plaintiffs with motions, discovery, or other communications. As a result, the case is essentially at a standstill with respect to those 714 plaintiffs. Even if some or all of those plaintiffs will eventually be dismissed from the action, resolution of the representation issue is a necessary first step either to such dismissals or to any other actions with respect to those plaintiffs.

As set forth in their Opposition to GEBHARDT & ASSOCIATES, LLP' Motion, defendants oppose the motion to withdraw. The motion does not establish that those 714 plaintiffs have breached any original representation agreement they may have had with their attorneys. And a case with over 700 different <u>pro se</u> plaintiffs is a looming case management nightmare. It may be true that it is burdensome for GEBHARDT & ASSOCIATES, LLP, to act as counsel for 900 different plaintiffs. However, granting the motion to withdraw will not solve that problem, but at best merely shift it to defendants' counsel and the Clerk's office. The difficulties in case management are inescapable with over 900 plaintiffs, and it was GEBHARDT & ASSOCIATES, LLP, not defendants, who made the voluntary decision to proceed with a 900-plaintiff case. Allowing them to withdraw will prejudice the defendants, exacerbate the burdens on the Court, and inevitably cause substantial delays throughout the remainder of this litigation.

**II.   Motion to Bifurcate.**

On June 22, 2007, Defendants filed a Motion to Bifurcate Discovery and Trial on Liability and Damages (Docket No. 78). <u>See also</u> Pls' Opp. (July 13, 2007) (Docket No. 83); Defs' Reply (July 25, 2007) (Docket No. 85).

**A.   Defendants' Position.**

As with many employment actions, particularly those involving multiple plaintiffs, liability and damages issues

should be bifurcated, with discovery and other proceedings on liability preceding any further discovery and proceedings on damages. Discovery on, and calculation of, damages for some 900, or even 200, plaintiffs is likely to be burdensome and expensive. It may also be unnecessary in the event that defendants prevail on liability, as the Court's ruling on the preliminary injunction motion indicates is likely.

While the case for such bifurcation was not evident to defendants' counsel at the original case management conference, acceptance of even belated wisdom is better than adherence to a course that disserves the interests of judicial economy. Experience with the case and, in particular, consideration of the implications of the motion to withdraw, have highlighted the need for bifurcation. While bifurcation alone will not make a 700-<u>pro se</u>-plaintiff case manageable — those plaintiffs will need to be involved in non-damages issues and motions — bifurcating the case should at least greatly reduce the necessity for further discovery from individual plaintiffs, represented or otherwise. A decision bifurcating the case will enable both sides to focus their resources on liability issues and defer developing any damages phase of the case.

**B.   Plaintiffs' Position.**

For the reasons cited in their Opposition, Plaintiffs believe the Motion to Bifurcate should be denied. First, Defendants were aware at the start of discovery that certain Plain-

tiffs would proceed pro se and the parties mutually agreed in January that the case should not be bifurcated. See Joint Meet and Confer Statement (Jan. 31, 2007) (Docket No. 49).  Defendants have not shown good cause to now reverse this decision. Moreover, Defendants have already proffered (and the "represented" Plaintiffs have already answered) discovery requests seeking extensive information relating to each Plaintiff's damages.

Realistically, neither Defendant nor the represented Plaintiffs expect most of the unrepresented Plaintiffs to remain in the case.  The majority have failed to respond to any communication, including the inquiry as to whether they object to the firm's withdrawal.  Thus expediency and efficiency militate against bifurcation.  If it is hard to contact a large number of Plaintiffs once, see Defs' Motion to Compel, it will be twice as hard to do so twice.  The Plaintiffs live in every part of the country, and the most convenient course of action is to allow them to respond to the government's discovery requests all at once, rather than at different times over several years.  Finally, the issue of damages is not easily distinguished from the issue of liability, particularly in a disparate impact case, because the questions of what happened to the Controllers after the RIF is crucial to both liability and damages.

**III. Motion to Compel.**

On August 14, 2007, Defendants filed a Motion to Compel Plaintiffs' Responses to Defendants' First Set of Interrogatories and Requests for Production of Documents to Plaintiffs (Docket No. 90). <u>See also</u> Defs' Supplement (August 15, 2007) (Docket No. 91). With Defendants' consent, on August 21, 2007, Plaintiffs' filed a Motion to Defer Consideration of Defendants' Motion to Compel (Docket No. 99).

**A.  Defendants' Position.**

Defendants served in March two sets of interrogatories and requests for production of documents on counsel for plaintiffs. At the time the discovery requests were served, GEBHARDT & ASSOCIATES, LLP, had not sought to withdraw as counsel for some plaintiffs and so forwarded the discovery requests to all plaintiffs.

The second set of discovery requests were not plaintiff-specific, and plaintiffs have responded to that second set of discovery.

The first set of discovery requests related to plaintiff-specific information, both with respect to damages (defendants have moved for bifurcation, but at the moment the case is not bifurcated) and with respect to liability issues known or likely to be known by individual plaintiffs. There are 707 plaintiffs, all among the group that GEBHARDT & ASSOCIATES, LLP, seek no longer to represent, who have not have responded or even

acknowledged those discovery requests, either directly or through counsel. Nearly half a year after the discovery was served, defendants are entitled to an order compelling some response to their discovery requests from those plaintiffs, whether or not they are still represented by GEBHARDT & ASSOCIATES, LLP.

**B.   Plaintiffs' Position.**

As noted in the Motion to Defer, undersigned counsel's obligation to respond to Defendants' Motion is (and will remain) unclear until the Court first rules on the pending Motion to Withdraw as Counsel.  The 177 Plaintiffs who have made arrangements to be "represented" by GEBHARDT & ASSOCIATES, LLP, have already responded to Defendants' First Set of Interrogatories and Requests for Production of Documents, and they are not targets of Defendants' Motion to Compel and the accompanying Supplement.  The 707 Plaintiffs from whom Defendants seek responses are also subject to the Motion to Withdraw as Counsel. Accordingly, undersigned counsel has not taken a position on Defendants' Motion at this time.

If the Court grants their Motion to Withdraw as Counsel, GEBHARDT & ASSOCIATES, LLP, will take no position on the Motion. If the Court denies the Motion to Withdraw as Counsel, then counsel will seek a reasonable period of time to prepare the massive number of discovery responses (they will need time to

contact the 707 Plaintiffs and once again urge then to respond to the discovery requests).

**IV. Motions for Joinder and Reinstatement.**

On May 8, 2007, Plaintiffs' counsel filed on behalf of 20 individuals a Motion for Joinder, or in the Alternative, to Intervene, as Plaintiffs in the Instant Action (Docket Nos. 63 and 65), as well as a Motion to Reinstate Former Plaintiff Steven C. Szymanski (Docket No. 64). See also Defs' Opp. (June 1, 2007) (Docket No. 70); Pls' Reply (June 11, 2007) (Docket No. 72).

**A.    Plaintiffs' Position.**

Plaintiffs believe both the Motion for Joinder and the Motion to Reinstate should be granted for the reasons cited in their Motions and Reply.  These 21 former FAA Controllers, who suffered precisely the same discriminatory termination as the current Plaintiffs, are committed to participating in the case; each of them has vicariously exhausted his administrative remedies, paid a modest retainer to undersigned counsel, and is assisting in the preparation of their individualized discovery responses.  Plaintiffs urge the Court to render its decision on these Motions soon, so that these individuals may timely respond to Defendants' First and Second Set of Interrogatories and Requests for Production of Documents.

### B.   Defendants' Position.

Defendants oppose the motions for joinder and reinstatement for the reasons stated in their opposition to the motions. The claims of all these proposed plaintiffs are barred by the statute of limitations, and 20 of the 21 proposed plaintiffs also failed to file the notice of intent to sue that is a prerequisite to a federal-sector ADEA claim.

## V.   Motions for Dismissal.

On June 14, 2007, with Defendants' consent, Plaintiffs filed a Motion for Voluntary Dismissal of Plaintiff Paul E. Cording (Docket No. 76), and on July 18, 2007, Plaintiff Glenn Reffner filed a Motion to Withdraw as a Party (Docket No. 84). In addition, Docket No. 79, a letter of plaintiff Kevin R. Larkin asking to withdraw from the action, should probably be deemed a motion for voluntary dismissal.  Cf. Rule 41, F. R. Civ. Proc.  No party opposes the motions of plaintiffs Cording and Reffner and the request of plaintiff Larkin to withdraw from the case.

Respectfully submitted,

| \_\_\_\_\_/s/_____ | \_\_\_\_\_/s/_____ |
|---|---|
| JOSEPH D. GEBHARDT | BRIAN G. KENNEDY |
|    (D.C. Bar No. 113894) |    (D.C. Bar No. 228726) |
| CHARLES W. DAY, JR. | MARCIA BERMAN |
|    (D.C. Bar No. 459820) |    (PA. Bar No. 66168) |
| MARK A. DANN | WILLIAM B. JAFFE |
|    (D.C. Bar No. 484523) |    (N.Y. Bar) |
| LENORE C. GARON | ADAM D. KIRSCHNER |
|    (D.C. Bar No. 172205) |    (Ill. Bar No. 6286601) |
| GEBHARDT & ASSOCIATES, LLP | U.S. DEPARTMENT OF JUSTICE |
| 1101 17th Street, N.W. | Civil Division |
| Suite 807 | Federal Programs Branch |
| Washington, DC 20036-4716 | 20 Massachusetts Avenue, N.W. |
| (202) 496-0400 | Room 7204 |
|  | Washington, DC 20530 |
| Counsel for Plaintiffs | (202) 514-3330 |
|  |  |
|  | Counsel for Defendants |
| September 5, 2007 |  |