**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                              )
KATHLEEN A. BREEN et al.,     )
                              )
          Plaintiffs,         )
                              )
          v.                  )      Civil Action No. 05-654 (RWR)
                              )
MARY E. PETERS et al.,        )
                              )
          Defendants.         )
_____)
```

**MEMORANDUM OPINION AND ORDER**

Plaintiffs in this putative class action against a federal employer brought under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a, have moved to join twenty individuals as plaintiffs. In the alternative, the twenty individuals have moved to intervene. In addition, one plaintiff who was dismissed at his own request, Steven C. Syzmanski, has moved to be reinstated. Defendants oppose all three motions. Because the twenty individuals defaulted on a statutory deadline and have not shown cause to excuse the default, the motions to join or intervene will be denied. Because Syzmanski's claim is time-barred under either of the limitations period advocated by the parties, his motion for reinstatement as plaintiff will be denied.

BACKGROUND

On February 1, 2005, the defendants announced a reduction in force to take effect on October 3, 2005 that terminated

-2-

plaintiffs' federal employment.  Plaintiffs elected to bypass the
administrative complaint process and filed this action in March
2005 after giving the required 30-days notice of intent to sue
required by 29 U.S.C. § 633a(d).

The first amended complaint proposed an "834-person class of
the above named Flight Service Air Traffic control Specialists"
(First Am. Compl. ("FAC") ¶ 1), and noted that other members of
the class might be added.  (Id. ¶ 19.)  The class was further
defined by an exhibit listing the individuals by name.  (Id.
Ex. 1.)  After the first amended complaint was filed, the
membership in the putative class changed, with some members being
added and others being dismissed.  The class has continued to be
defined by names of individual class members.  The twenty
individuals who are the subject of the motions to join or
intervene have never before been part of the putative class.

Movant Syzmanski was one of the originally identified class
members listed by name on Exhibit 1 to the first amended
complaint.  He moved to withdraw as plaintiff, a motion that was
granted in March 2006.  On May 8, 2007, Syzmanski filed a motion
for reinstatement.

DISCUSSION

I.   MOTION TO JOIN OR INTERVENE

Defendants oppose the motions for joinder or intervention on
the ground that movants did not meet the statutory filing

-3-

deadline for bringing an ADEA claim.[1]  Movants concede that they did not meet the statutory filing deadline.  They argue, nonetheless, that because several hundred of the original plaintiffs did meet the statutory filing deadline, movants should be allowed to join or intervene in the action now.

The ADEA permits a federal employee to bypass the administrative complaint process and instead -- subject to a deadline -- simply file a notice of intent to file a civil action in district court.  29 U.S.C. § 633a(d); Forester v. Chertoff, 500 F.3d 920, 924 (9th Cir. 2007).  The text of the bypass provision is unambiguous and very clearly states the filing deadline:

> When the individual has not filed a complaint concerning age discrimination with the [Equal Employment Opportunity] Commission, no civil action may be commenced by any individual under this section until the individual has given the Commission not less than thirty days' notice of an intent to file such action. **Such notice shall be filed within one hundred and eighty days after the alleged unlawful practice occurred.**

29 U.S.C. § 633a(d) (emphasis added).

The non-jurisdictional 180-day filing deadline stated in 29 U.S.C. § 633a(d) is subject to equitable tolling in the proper circumstances.  Rann v. Chao, 346 F.3d 192, 195 (D.C. Cir. 2003) (reiterating that "the timeliness and exhaustion requirements of

---

[1]  Defendants also oppose on the grounds that the statute of limitations for bringing an ADEA action has expired, an issue that is not decided here.

-4-

[the ADEA's] § 633a(d) are subject to equitable defenses"). It
is no bar to the application of equitable tolling principles that
the adversary is a sovereign. "[E]quitable tolling principles
apply against the government on a par with private parties."
Bull S.A. v. Comer, 55 F.3d 678, 681 (D.C. Cir. 1995) (citing
Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95-96 (1990)).
Nonetheless, when the suit is against the federal government, as
is this one, a statutory limitations period "is a condition to
the waiver of sovereign immunity and thus must be strictly
construed." Irwin, 498 U.S. at 94; see also Felter v. Norton,
412 F. Supp. 2d 118, 123 & n.1 (D.D.C. 2006). Accordingly, a
court should use its equitable power to toll a statutory deadline
only in extraordinary and carefully circumscribed circumstances.
Mondy v. Sec'y of the Army, 845 F.2d 1051, 1057 (D.C. Cir. 1988).

> The Supreme Court has suggested . . . that courts may
> properly allow tolling where a claimant has received
> inadequate notice, . . . where a motion for appointment
> of counsel is pending and equity would justify tolling
> the statutory period until the motion is acted upon,
> . . . where the court has led the plaintiff to believe
> that she had done everything required of her, . . .
> [or] where affirmative misconduct on the part of a
> defendant lulled the plaintiff into inaction. In
> particular, failure to meet a statutory deadline may be
> excused if it is the result of justifiable reliance on
> the advice of [a] government officer.

Comer, 55 F.3d at 681 (internal quotation marks and citations
omitted); see also Ray v. Nimmo, 704 F.2d 1480, 1483 (11th Cir.
1983) (reversing and remanding for determination of whether 29
U.S.C. § 633a(d)'s 180-day statutory filing deadline should be

tolled where agency conduct may have impeded meeting filing deadline); Castro v. United States, 775 F.2d 399, 403 n.4 (1st Cir. 1985).

A party requesting that a statutory deadline be equitably tolled bears the burden of persuasion. Bayer v. U.S. Dep't of Treasury, 956 F.2d 330, 333 (D.C. Cir. 1992); Saltz v. Lehman, 672 F.2d 207, 209 (D.C. Cir. 1982). Plaintiffs and movants offer no facts to establish that equitable tolling of the statutory deadline is warranted in this case. They do not explain why they should not be viewed as merely having sat on their rights while the filing deadline passed, a situation that would not entitle them to equitable tolling. Instead they argue that they should be treated as having vicariously met the statutory filing deadline, because several hundred plaintiffs in the case did provide timely notice to the defendants of their intent to sue under the ADEA in compliance with 29 U.S.C. § 633a(d). They contend that the defendants will suffer no prejudice if either the motion to join or to intervene is granted. Arguing that defendants would suffer no prejudice if 20 more plaintiffs were added to the class reverses the burden, however. Plaintiffs seeking equitable tolling are required to show that they deserve the equitable relief, not that granting the equitable relief will not prejudice the defendants.

-6-

To support their request for relief, plaintiffs and movants cite cases in which courts have determined that it would be futile to require yet another prospective Title VII plaintiff to exhaust his administrative remedies, and therefore applied the exception of vicarious exhaustion.  In those cases, the Title VII mandatory administrative complaint process entailed a written complaint, an investigation, and an effort to resolve the grievance at the administrative level as a potential substitute for a civil action.  In such situations,

> [e]xhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review. . . . Once a [complainant] has presented his or her claim at a sufficiently high level of review to satisfy the . . . administrative needs, further exhaustion would not merely be futile for the [complainant], but would also be a commitment of administrative resources unsupported by any administrative or judicial interest.

Weinberger v. Salfi, 422 U.S. 749, 765-66 (1975).

The rationale for the vicarious exhaustion exception in those cases depended on a factor not present in this case -- pursuit of a full-blown administrative complaint process required by law.  The concept that requiring a second round of administrative exhaustion is futile has no application where no first round was required at all.  Here, plaintiffs did not file a claim triggering an administrative review of their complaint, but

instead opted to bypass that course and just file a notice of
intent to sue, as they are permitted to do under 29 U.S.C.
§ 633a(d).  Plaintiffs and movants have identified no case where
a court has excused as futile giving notice under 29 U.S.C.
§ 633a(d) or an analogous notice provision in another statute.

Plaintiffs and movants have identified no extraordinary
circumstances that warrant equitable tolling of the statutory
deadline, which in this case operates as a limited waiver of
sovereign immunity.  Irwin, 498 U.S. at 94.  Instead, plaintiffs
and movants seek to apply the exception for futility and
vicarious exhaustion, an exception they have not shown has ever
been applied to the § 633a(d) notice provision and that is
conceptually inapposite to a notice provision.  Accordingly, the
motions to join or to intervene will be denied as time-barred.

II.  MOTION TO REINSTATE FORMER PLAINTIFF

The bypass provision of the ADEA "places no statute of
limitations on the filing of a complaint in federal court. . . .
Rather, the statute simply requires the plaintiff to give the
EEOC 30[ ]days['] notice before filing a complaint in federal
court and to file this notice (not the complaint) within 180 days
from the date the alleged unlawful practice occurred.  This
specific statutory provision does not address, or in any way
limit, the time period the plaintiff has to properly file a
complaint in federal court."  Rann v. Chao, 209 F. Supp. 2d 75,

79 (D.D.C. 2002) (citing 29 U.S.C. § 633a(d) and <u>Proud v. United States</u>, 872 F.2d 1066, 1067 (D.C. Cir. 1989)).  When a federal statute is silent as to its period of limitation, one is borrowed from the most analogous statute.  <u>Crocker v. Piedmont Aviation, Inc.</u>, 49 F.3d 735, 742 (D.C. Cir. 1995) (noting that federal courts usually look to analogous state statutes, but in exceptional circumstances are permitted to borrow from a statute of limitations in federal law).  No limitations period for 29 U.S.C. § 633a(d) has been adopted in this circuit, and the circuits are not in agreement on the appropriate limitation period.  The defendants here favor the 90-day period adopted in <u>Edwards v. Shalala</u>, 64 F.3d 601 (11th Cir. 1995), and the plaintiffs favor the two-year period adopted in <u>Rossiter v. Potter</u>, 357 F.3d 26 (1st Cir. 2004).

Syzmanski's cause of action accrued when his termination was announced on February 1, 2005, not when his federal employment actually terminated on October 3, 2005.  <u>Dela. State Coll. v. Ricks</u>, 449 U.S. 250, 257-58 (1980) (holding that plaintiff's cause of action for discrimination accrued when he learned that he was denied tenure, not at the time his employment was terminated, which was a delayed but inevitable consequence of the tenure decision).  When Syzmanski voluntarily withdrew from the case as a plaintiff in March 2006, he assumed the position of one who had never filed a civil action.  <u>Jorge v. Rumsfeld</u>, 404 F.3d

-9-

556, 563 (1st Cir. 2005) ("A voluntary dismissal . . . leaves the parties in the same position as if the action had never been prosecuted.") (citing Nat'l R.R. Passenger Corp. v. Int'l Ass'n of Machinists, 915 F.2d 43, 48 (1st Cir. 1990); In re Piper Aircraft Distribution System Antitrust Litig., 551 F.2d 213, 219 (8th Cir. 1977) (citing cases)).  His voluntary dismissal did not toll the running of the limitation period, however long that period is.  Thus, when he moved on May 8, 2007 to be reinstated as a plaintiff, his claim for discrimination was already time-barred even applying the two-year limitation period advocated by plaintiffs.  Accordingly, Syzmanski's motion to be reinstated as a plaintiff will be denied.

## CONCLUSION AND ORDER

Because the twenty individuals who now want to join or intervene in this action did not file a notice of intent to sue within 180 days of the alleged unlawful action as is required by the statute under which they wish to proceed, and they have not shown cause for excusing their default, the motions to join and to intervene will be denied.  Because Syzmanski's claim is time-barred under either limitations period urged by the parties, his motion to be reinstated as plaintiff will be denied.  Accordingly, it is hereby

ORDERED that the motions to join [63], to intervene [65], and to be reinstated [64] be, and hereby are, DENIED.

-10-

SIGNED this 7th day of January, 2008.

        /s/
RICHARD W. ROBERTS
United States District Judge