UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

KATHLEEN A. BREEN, et al.,          )
                                    )
          Plaintiffs,               )
                                    )
                  v.                )          Case No. 1:05CV00654-RWR
                                    )
MARY E. PETERS, et al.,             )
                                    )
          Defendants                )
_____     )

## JOINT STATUS REPORT

The parties, by their undersigned attorneys, hereby submit this Joint Status

Report. The parties are proceeding with discovery on liability and damages issues. In

addition, the Court's Minute Order of January 29, 2008, also directed the parties

> to gather in the present extended discovery period a greater sampling of
> damages discovery than that proposed in the motion [to bifurcate]. The
> aim is to posture the parties to be sufficiently educated about all issues
> so that intelligent mediation or settlement discussions can precede any
> thought of drafting summary judgment motions and oppositions or
> engaging in a unitary or bifurcated trial.

The parties discussed their plan at the Status Conference of February 8, 2008, and set

forth below their further plans.

Joint Discovery. Recognizing both the purpose of limited damages discovery and

that many of the represented Plaintiffs have secured employment with the Lockheed-

Martin Corporation, the parties worked together and with Lockheed-Martin to secure

information on the post-RIF compensation paid by Lockheed-Martin to the relevant

represented Plaintiffs. The Court entered a Protective Order to enable that

information to be provided to the parties' attorneys.

Plaintiffs' Discovery.   Plaintiffs' written discovery and depositions have primarily addressed liability issues.  Plaintiffs intend to do some discovery relating to damages.  Defendants have completed their responses to Plaintiffs' written discovery (with the exception of the a request for production to be fully completed by Tuesday, March 4) .  Plaintiffs have taken seven depositions to date.  Plaintiffs have identified ten additional witnesses (five FAA employees, five non-parties) whom they wish to depose, and the parties are working to arrive at a mutually agreeable schedule for these depositions.

Defendants' Prior Discovery.  One hundred of the Plaintiffs have responded in whole or in part to Defendants' third set of discovery requests (which go to damages). Defendants do not waive the right to move to compel answers from the remaining Plaintiffs, but will evaluate the answers that have been received for the limited purpose of the "sampling" of damages discovery needed for intelligent settlement talks. (In doing so, it is Defendants' view that the 100 responses are unlikely to constitute a random sample because they are the responses of Plaintiffs who are more motivated than other Plaintiffs to respond; the responses thus likely are disproportionately those of Plaintiffs who claim higher damages.  Plaintiffs' counsel, being aware that this is Defendants' view, though disagreeing with it, are in the process of preparing the remaining Plaintiffs' responses.)[1]

---

[1] The five Plaintiffs whom Gebhardt & Associates have recently moved to have added to the list of those it represents have not answered the first (damages) set of Defendants' written discovery requests.  In addition, with the exception of Kenneth
(continued...)

Defendants have taken ten depositions, nine in 2007 and then, on February 25, the deposition of Plaintiff Kathleen Breen.  Defendants anticipate noticing several more liability-issue depositions in the near future.

<u>Further Sampling Damages Discovery</u>

Plaintiffs have produced a matrix of 10 categories, based on post-RIF employment and retirement status or eligibility, which contain the overwhelming majority of Plaintiffs.  The proposed categories and a list of the Plaintiffs counsel believe are properly included in each were delivered to Defendants yesterday.

The parties anticipate using these categories to assure that Defendants' sampling of deposition discovery on damages issues covers the vast majority of the kinds of Plaintiffs whose claims are at issue.[2]  The depositions of the ten Plaintiffs that Defendants have already taken were addressed to both damages and liability issues, and were chosen in part to represent a rough sampling of different kinds of damages issues.  Defendants will review Plaintiffs' categories and work with Plaintiffs' counsel

---

[1](...continued)
Currier, none of the unrepresented Plaintiffs has adequately responded to any of Defendants' discovery requests, and only two such Plaintiffs (other than Currier) have made even inadequate responses.

[2] It is not necessary for Defendants to <u>agree</u> that Plaintiffs' categories are entirely appropriate.  It may be, for example, that Defendants will reach the conclusion that two categories that Plaintiffs treat separately ought to be treated alike or that there are significant enough dissimilarities within one of Plaintiffs' counsels' proposed groups that it should be divided into two or more groups.  However, Plaintiffs' proposal for how they view the taxonomy of damages groups will be a guide to Defendants in choosing how to do sample damages discovery.

in deciding upon further depositions to allow an adequate sampling of divergent Plaintiffs' situations.

Expert Reports on Damages Issues

Although Defendants contend that the deadline for expert reports has passed, Defendants recognize that, in order to achieve the Court's goal of allowing for sufficient damages discovery to permit intelligent mediation or discussion of settlement, expert reports on damages will be helpful.  Defendants are therefore willing to waive objections to any such reports they view as untimely.  Plaintiffs agree that such reports will be helpful for settlement purposes and contend in any event that the deadline for expert reports has not passed.  The parties therefore agree that Plaintiffs will serve their expert damages report on by March 19, 2008, and that Defendants will serve a rebuttal expert report by May 9, 2008.  This schedule will give the parties an opportunity to take depositions of the damages experts before discovery closes on May 22.[3]

---

[3] The parties continue to disagree about the propriety and timeliness of expert reports on liability issues.  The parties may, if necessary, separately address this issue to the Court.

Respectfully submitted,

/s/ Joseph D. Gebhardt
JOSEPH D. GEBHARDT
(D.C. Bar No. 113894)
CHARLES W. DAY, JR.
(D.C. Bar No. 459820)
MARK A. DANN
(D.C. Bar No. 484523)
LENORE C. GARON
(D.C. Bar No. 1772205)
GEBHARDT AND ASSOCIATES, LLP
1101 17th Street, N.W.
Suite 807
Washington, DC 20036-4716
(202) 496-0400

Attorneys for Plaintiffs

JEFFREY A. TAYLOR
United States Attorney

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

STUART A. LICHT
Assistant Branch Director

Civil Division

___/s/ Brian G. Kennedy_____
BRIAN   G.   KENNEDY(D.C.   Bar   #
228726)
ADAM D. KIRSCHNER
(IL Bar # 6286601)
LISA ZEIDNER MARCUS
(NY Bar)
United States Department of Justice

Civil Division
Federal Programs Branch

20 Massachusetts Avenue, N.W.
Room 6104
Washington, D.C. 20530
Tel.: (202) 514-3357
Fax: (202) 616-8470
Email:  brian.kennedy@usdoj.gov

Attorneys for Defendants