**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KATHLEEN A. BREEN, et al., )<br>)<br>        Plaintiffs, )<br>)<br>  v. )<br>)<br>MARY E. PETERS )<br>SECRETARY OF TRANSPORTATION )<br>DEPARTMENT OF TRANSPORTATION, et al., )<br>)<br>        Defendants. )<br>_____) | C.A. No. 05-00654 (RWR) |

**MOVANTS' REPLY TO DEFENDANTS' FURTHER OPPOSITION TO**
**PLAINTIFFS' MOTION FOR RECONSIDERATION**
**OF COURT'S ORDER OF JANUARY 7, 2008**

Defendants, in their Opposition to Movants' Motion for Reconsideration, misapprehend the importance of the issues raised by the Movants.

It is indisputable that the Movants in this case suffered significant harms. Their failure to file a notice with the EEOC prior to seeking to intervene in this lawsuit — at a time when they were without the advice of counsel — will work no harm to Defendants, who received the benefit of notice and the EEOC's opportunity for scrutiny thanks to the 912 notices that were filed relating to the same adverse action. By contrast, to deny the Movants the right to intervene because of this failure will cause them serious harm by denying them the opportunity to exercise their rights to have their cause heard.

**I.   The Would-Be Intervenors Are Potential Members of the Pending Motion for Class Certification.**

Defendants argue that, as the pending class[1] was defined as "the above-named Flight Service Air Traffic Control Specialists," and the would-be intervenors — by definition — were not named, they were not potential members of the class. This position, however, ignores the import of Foster v. Gueory, 655 F.2d 1319, 1322-23 (D.C. Cir. 1981).

In Foster, just as in the instant case, named class representatives, members of a union, alleged discrimination and exhausted their administrative remedies. The intervenors, non-members of the union who had not exhausted their administrative remedies, were permitted to intervene because they alleged the "same kinds of discrimination as the original plaintiffs." 655 F.2d at 1321. Like the would-be intervenors in this case, they were named neither in the complaint nor as members of the class — because if such had been the case, there would have been no need to intervene!

Accordingly, the fact that the would-be intervenors in this case were not members of the pending class is not a bar to their

---

[1]   Plaintiffs' Motion for Class Certification was denied without prejudice on February 7, 2007, in the Minute Entry describing the status conference of that date. Because it was denied without prejudice, it must be viewed as still pending.

admission to the suit. They are alleging exactly the same discriminatory action as the current Plaintiffs, and the current Plaintiffs amply exhausted their administrative remedies. As observed in Plaintiffs' February 7, 2008, Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Reconsideration, at footnote 1, Rule 23 governs class actions of federal employees under the ADEA, and thus the holding of <u>Foster v. Gueory</u>, permitting non-members of the class who have "vicariously exhausted" to intervene in the litigation, should apply to this case, in which a motion for class certification was pending at the time of the motion to intervene.

**II. The Purpose of the Notice Requirement Is Important in Evaluating Whether Movants Are Deserving of Equitable Relief.**

At pages 4-5 of their Opposition, Defendants urge that the purpose of the requirement of notice to the EEOC is irrelevant, because the Court's January 7, 2008, decision turned on the alleged failure of the Movants to demonstrate their entitlement to equitable relief. This argument ignores the fact that entitlement to relief is inextricably linked to the purpose of the notice requirement. It requires no citation to observe the obvious: that if a particular requirement confers a material benefit (or the opportunity for a material benefit) on one

party, the failure by another party to observe the requirement is less easily excused than if the requirement is simply a mere formality.  The purpose of the notice to the EEOC in this case is a mere formality.  It does not trigger an investigation by the EEOC of the claims noticed.  Rather, it is meant merely to give the EEOC the opportunity to take action if its officers feel that is warranted (which opportunity it had, courtesy of the notices given by the current Plaintiffs) and to give notice to the prospective defendants (which Defendants herein must concede they had).  See 29 U.S.C. § 633a(d).  Therefore, it is not legitimate to claim that any equitable relief granted to the would-be intervenors would undermine any purpose of the notice requirement.

That being the case, the Court is obligated to apply the logic of the cases that hold that the courts should be generous in overlooking technical mistakes — such as the failure of the Movants to give yet another notice to the EEOC — where the process is intended to be originated by lay persons acting without the benefit of legal guidance.  E.g., Love v. Pullman Co., 404 U.S. 522, 527 (1972).  The Supreme Court reiterated this principle in the context of ADEA litigation just last week.

In Federal Express Corp. v. Holowecki, No. 06–1322, 522 U.S. ___ (Feb. 27, 2008), the Court articulated:

> The ADEA, like Title VII, sets up a "remedial scheme in which laypersons, rather than lawyers, are expected to initiate the process." *EEOC* v. *Commercial Office Products Co*., 486 U. S. 107, 124 (1988); see also *Oscar Mayer & Co*. v. *Evans*, 441 U. S. 750, 756 (1979) (noting the "common purpose" of Title VII and the ADEA). The system must be accessible to individuals who have no detailed knowledge of the relevant statutory mechanisms and agency processes.

Slip op. at 11-12.

In the instant case, the Movants were not represented by lawyers at the time they should have — in an ideal world — filed their EEOC notices. Given that the notice requirement has a very limited purpose, already fulfilled by the current Plaintiffs, the Court should excuse their failure and hold that the notice requirement has been administratively exhausted. Foster v. Gueory, supra.

### III. Defendants Have Misconstrued Movants' Argument Concerning the Statute of Limitations.

Defendants make two erroneous assertions concerning the Movants' position concerning the statute of limitations. See Defendants' Further Opposition at 5-7. First, they assert that counsel for the Plaintiffs, in acting as counsel for the would-be intervenors, are taking inconsistent positions concerning the date of the adverse action. Secondly, they assert that somehow

Plaintiffs' discovery concerning the process that led to the adverse action is an attempt to expand the number of adverse actions taken or vary the dates of the adverse action.

Both Movants and Plaintiffs take the position that the interpretation of an administrative agency charged with the enforcement of a statute is entitled to considerable deference. Chevron Inc v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984). The Merit Systems Protection Board ("MSPB"), which sets the federal government's rules for reductions-in-force, among other kinds of adverse actions, has determined that the adverse action occurs on the day that a RIF is actually effectuated by the termination or demotion of an employee. Cardin v. Department of the Navy, 4 MSPB 97 (1980); Korowin v. Department of Justice, 4 MSPB 140 (1980); Alford v. Department of Health, Education, and Welfare, 1 MSPB 305 (1980); cf. National Treasury Employees Union v. Federal Labor Relations Authority, 712 F.2d 669, 674-75 (D.C. Cir. 1983).[2]

---

[2] We observed in our Memorandum in Support of the Motion for Reconsideration, at page 9, that the Federal Circuit considers that the date an employee learns he will not be retained at his or her current level is the date of the adverse action. Harants v. USPS, 130 F.3d 1466, 1468 (Fed. Cir. 1997). In this case, that would be the date of the RIF notices, July 19, 2005. Thus, even were this Court to follow the Federal Circuit rather than the MSPB, the Movants' petition to intervene was well within the two-year statute of limitations enunciated in Rossiter v.

This position is in no way contradicted by the Plaintiffs' filing of their Complaint prior to the RIF seeking to enjoin it. There would be no point in seeking an injunction to prevent an adverse action that had already occurred!  The fact that Plaintiffs chose to attempt to prevent the adverse action is not inconsistent with a recognition of the date of the adverse action as the date of their termination.

Similarly, the fact that Plaintiffs are exploring in discovery the steps that led up to the adverse action, including the FAA's input into the Executive Order that enabled the adverse action, is not evidence that the adverse action occurred any earlier than the date of the RIF.  To take such a position is either naive or disingenuous.  Defendants implicitly acknowledge that they do not believe this position, in that they have not sought a protective order to prevent discovery into the antecedents of the adverse action contested in this lawsuit.

Accordingly, as the date of the adverse action is October 3, 2005 — or at the earliest, following the Federal Circuit, on July 19, 2005 — neither the would-be intervenors nor Mr. Szymanski are barred from relief by the statute of limitations.

---

Potter, 357 F.3d 26 (1st Cir. 2004).

                                      Respectfully submitted,

                                      <u>/s/ Joseph D. Gebhardt</u>
                                      JOSEPH D. GEBHARDT
                                      (D.C. Bar No. 113894)
                                      LENORE C. GARON
                                      (D.C. BAR No. 172205)
                                      CHARLES W. DAY, JR.
                                      (D.C. Bar No. 459820)
                                      VALENCIA R. RAINEY
                                      (D.C. Bar No. 435254)
                                      MARK A. DANN
                                      (D.C. BAR No. 484523)
                                      GEBHARDT & ASSOCIATES, LLP
                                      1101 17th Street, N.W.
                                      Suite 807
                                      Washington, DC 20036-4716
                                      (202) 496-0400

March 3, 2008                         Counsel for Plaintiffs and Movants