UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                            )
**KATHLEEN A. BREEN et al.,**   )
                            )
       Plaintiffs,        )
                            )
       v.                 )   Civil Action No. 05-654(RWR)
                            )
**MARY E. PETERS et al.,**      )
                            )
       Defendants.        )
_____)

**MEMORANDUM OPINION AND ORDER**

    A memorandum opinion and order dated January 7, 2008, denied a motion to join as plaintiffs filed by twenty individuals, and a motion for reinstatement by former plaintiff Steven C. Szymanski.[1]  The movants seek reconsideration of that opinion,[2] arguing that it erred in holding putative class members to a statutory requirement of giving prior notice of intent to sue, and in finding Szymanski's motion untimely.  Because the movants fail to show that justice requires reconsideration of the January 7th opinion, their motion for reconsideration will be denied.

---

[1] The opinion regrettably misspelled Szymanski's name.

[2] The briefs on both sides erroneously cite Federal Rule of Civil Procedure 59(e) as governing this motion.  Since the January 7, 2008 opinion and order was not a final judgment disposing of the claims of all parties, Rule 54(b) applies.  See Childers v. Slater, 197 F.R.D. 185, 190 (D.D.C. 2000).

## BACKGROUND

The history and background of this case and the underlying motions at issue are discussed fully in Breen v. Peters, 474 F. Supp. 2d 1, 2 (D.D.C. 2007), and Breen v. Peters, 529 F. Supp. 2d 24, 26 (D.D.C. 2008). Briefly, plaintiffs allege that defendants discriminated against them in 2005 by targeting their jobs for outsourcing and terminating plaintiffs' federal employment in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a. On May 8, 2007, twenty individuals who had not provided the prior notice of intent to sue required by the ADEA, 29 U.S.C. § 633a(d), and who were not a part of the named putative class of plaintiffs who filed the complaint in 2005, moved to intervene in the case. Former plaintiff Steven C. Szymanski, who had withdrawn from the case on March 31, 2006, also moved to be reinstated. The twenty individuals were denied intervention for having failed to provide the required prior notice. Szymanski's reinstatement was denied as barred by the statute of limitations. The movants seek reconsideration.

## DISCUSSION

Under Rule 54(b) of the Federal Rules of Civil Procedure, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time

-3-

before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Under Rule 54(b), a trial court may grant reconsideration "as justice requires." Campbell v. U.S. Dept. of Just., 231 F. Supp. 2d 1, 7 (D.D.C. 2002). However, in order to promote finality, predictability and economy of judicial resources, "as a rule [a] court should be loathe to [revisit its own prior decisions] in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." Lederman v. U.S., 539 F. Supp. 2d 1, 2 (D.D.C. 2008) (quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988)). Reconsideration may be warranted where there was a patent misunderstanding of the parties, where a decision was made that exceeded the issues presented, where a court failed to consider controlling law, or where a significant change in the law occurred after the decision was rendered. Singh v. George Washington Univ., 383 F. Supp. 2d 99, 101 (D.D.C. 2005). The moving party has the burden of showing that reconsideration is warranted, and that some harm or injustice would result if reconsideration were to be denied. In Def. of Animals, 543 F. Supp. 2d 70, 76 (D.D.C. 2007).

I.  INTERVENTION

The movants do not cite any patent misunderstanding of the parties, nor do they argue that the opinion exceeded the issues

-4-

presented, or that a significant change in the law occurred after the January 7, 2008 opinion was issued.  The movants instead argue that denying intervention to the twenty individuals was error because the opinion failed to consider the effect that Federal Rule of Civil Procedure 23 had on the notice requirement, and failed to consider the purpose of the notice requirement.  However, the movants do not show that the opinion failed to consider these issues, especially since both sides argued these issues in their briefs on the original motion.  (See Pls.' Mot. for Joinder, or, in the Alternative, to Intervene ("Pls.' Mot"), at 4, 10; Defs.' Opp'n to Pls. Mot. for Joinder ("Defs.' Opp'n"), at 18-19.)  "[W]here litigants have once battled for the court's decision," they should [not be] "permitted to battle for it again."  Singh, 383 F. Supp. 2d at 101-102 (denying motion for reconsideration under 54(b) because, in part, "the Court considered the cases the [defendant] now cites," and thus the defendant's "attempt to re-litigate this issue will not be countenanced.").  Further, the movants fail to address the crux of the January 7th opinion: although the movants urged that they be deemed to have vicariously provided notice through the notice given by the plaintiffs already in the case, the rationale for applying the vicarious exhaustion exception has "depended upon a factor not present in this case - - pursuit of a full-blown administrative complaint process required by law. . . ."

See Breen, 529 F. Supp. 2d at 28.  The movants have identified no case where a court has excused as futile giving notice under 29 U.S.C. § 633a(d), or where the vicarious exhaustion exception has been applied where an original plaintiff did not pursue a full-blown administrative complaint procedure.

II.  REINSTATEMENT

The January 7, 2008 opinion determined that when Szymanski moved for reinstatement on May 8, 2007, his "claim for discrimination was time-barred even applying the two-year limitation period advocated by plaintiffs," because his "cause of action accrued when his termination was announced on February 1, 2005, not when his federal employment was actually terminated on October 3, 2005."  Breen, 529 F. Supp. 2d at 28.  Plaintiffs argue that the opinion incorrectly determined the accrual date because the case that the opinion cited for that proposition, Delaware St. Coll. v. Ricks, 449 U.S. 250, 257-58 (1980), pertained to a different kind of employment decision - - a denial of academic tenure, not a decision to outsource jobs.  In Ricks, the Supreme Court ruled that to identify when a cause of action accrues, a court must look at a plaintiff's complaint to determine the precise employment practice of which the plaintiff complains.  Id. at 257 ("Determining the timeliness of Ricks' EEOC complaint, and this ensuing lawsuit, requires us to identify precisely the 'unlawful employment practice' of which he

complains."). Here, the amended complaint specifically defines the class of plaintiffs as "834 of the FAA's 1,770 current Flight Service Controllers, who are over the age of 40 and *adversely affected* by the FAA's February 1, 2005 announcement" of the termination of their federal employment. (First Am. Compl. at ¶ 19) (emphasis added). The amended complaint also provides that the "decision at issue" that is being challenged by the plaintiffs is the "decision to contract out [the FAA's] Automated Flight Service Stations." (First Am. Compl. at ¶ 50.) The reasoning of the January 7, 2008 opinion was consistent with applicable precedent. The movants do not cite any patent misunderstanding of the parties as to the accrual date of Szymanski's cause of action, nor do they argue that a significant change in the law has occurred that makes Ricks inapplicable to this issue.

## CONCLUSION AND ORDER

Because the movants do not show that justice requires reconsidering the January 7, 2008 memorandum opinion and order, it is hereby

ORDERED that the motion [128] for reconsideration of the January 7, 2008 opinion be, and hereby is, DENIED.

SIGNED this 15th day of August, 2008.

/s/
RICHARD W. ROBERTS
United States District Judge