**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
───────────────────────────────  )
                                  )
KATHLEEN A. BREEN et al.,         )
                                  )
         Plaintiffs,              )
                                  )
         v.                       )        Civil Action No. 05-654(RWR)
                                  )
RAY H. LAHOOD¹ et al.,            )
                                  )
         Defendants.              )
───────────────────────────────  )
```

<u>MEMORANDUM OPINION AND ORDER</u>

Federal flight service air traffic controllers sued alleging that the government committed age discrimination by outsourcing their jobs and terminating their federal employment.  Three former plaintiffs, Frank Matkins, Henry Ontiveros and Janice Teed-Wilson, who were dismissed from this case for failure to respond to a show cause order directed at plaintiffs who had failed to respond to discovery requests and inquiries from plaintiffs' counsel, move for reconsideration.  Because the movants do not show that justice requires reconsideration, their motions will be denied.

<u>BACKGROUND</u>

Plaintiffs filed this action on March 31, 2005, in response to the defendants' February 2005 announcement that it would

---

[1] Secretary of Transportation Ray H. LaHood is substituted as a defendant in place of former Secretary Mary E. Peters.  <u>See</u> Fed. R. Civ. P. 25(d).

-2-

outsource their jobs and terminate their federal employment
effective on October 3, 2005.  Plaintiffs allege age
discrimination by the FAA and its parent agency, the Department
of Transportation.  On June 8, 2007, plaintiffs' counsel moved to
withdraw as counsel from representing 714 of the 912 plaintiffs
involved in this case.  Plaintiffs' counsel asserted that on
February 16, 2007, they mailed a letter to all of the plaintiffs
that counsel represented, asking that the plaintiffs decide
whether to continue in the case as active plaintiffs, continue in
the case without being represented by plaintiffs' counsel, or
request dismissal from the case.  Approximately 700 plaintiffs
failed to respond to this letter.  (Pls.' Counsels' Mot. to
Withdraw as Counsel for 714 Pls. ("Mot. to Withdraw") at 2-3.)
On April 17, 2007, plaintiffs' counsel sent another letter to the
plaintiffs who failed to respond to the first letter, enclosing
defendants' discovery requests for response.  Approximately 694
plaintiffs failed to respond to this letter.  (Mot. to Withdraw
at 3-4.)  Plaintiffs' counsel's motion to withdraw was granted
for twenty plaintiffs who specifically declared that they wanted
to proceed pro se, and denied as to all other remaining
plaintiffs.  (Minute Order, September 14, 2007.)  However, on
November 8, 2007, the plaintiffs who had not responded to counsel
or who had not responded to defendants' discovery requests, were
ordered to show cause in writing by November 29, 2007, why they

-3-

should not be dismissed from the case.  (Order to Show Cause,
November 8, 2007.)  That order warned that a plaintiff's failure
to file a timely response with the Clerk would result in that
plaintiff and his or her claims being dismissed from this
action.[2]  On May 30, 2008, an order was entered dismissing the
plaintiffs, including Matkins, Ontiveros and Teed-Wilson, who
failed to respond to the order to show cause.[3]  Matkins,
Ontiveros and Teed-Wilson now seek reinstatement.

DISCUSSION

    Under Rule 54(b) of the Federal Rules of Civil Procedure,
"any order or other decision, however designated, that
adjudicates fewer than all the claims or the rights and
liabilities of fewer than all the parties does not end the action
as to any of the claims or parties and may be revised at any time
before the entry of a judgment adjudicating all the claims and
all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).

_____

    [2] The Order was unambiguous.  It stated, in relevant part:
"Each plaintiff listed in the Appendix to this Order is directed
to show cause in writing by November 29, 2007, why his or her
claim should not be dismissed from this case for failure to
respond to defendants' discovery demands and/or failure to
communicate with his or her counsel.  A plaintiff's failure to
file a timely response with the Clerk of Court for the United
States District Court for the District of Columbia . . . will
result in that plaintiff and his or her claims being dismissed
from this action."  (Order to Show Cause, November 8, 2007 at 1.)

    [3] Thirty-three plaintiffs who either responded to orders to
show cause, or whose mailed orders to show cause were returned as
undeliverable, remained in the case.

-4-

Under Rule 54(b), a trial court may grant reconsideration "as justice requires." Campbell v. U.S. Dept. of Justice, 231 F. Supp. 2d 1, 7 (D.D.C. 2002).  However, in order to promote finality, predictability and economy of judicial resources, "as a rule [a] court should be loathe to [revisit its own prior decisions] in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." Lederman v. United States, 539 F. Supp. 2d 1, 2 (D.D.C. 2008) (quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988)).  Reconsideration may be warranted where there was a patent misunderstanding of the parties, where a decision was made that exceeded the issues presented, where a court failed to consider controlling law, or where a significant change in the law occurred after the decision was rendered. Singh v. George Washington Univ., 383 F. Supp. 2d 99, 101 (D.D.C. 2005).  The moving party has the burden of showing that reconsideration is warranted, and that some harm or injustice would result if reconsideration were to be denied.  In Def. of Animals v. Nat'l Insts. of Health, 543 F. Supp. 2d 70, 76 (D.D.C. 2008).

"'When circumstances make such action appropriate,' a district court may dismiss an action on its own motion because of a party's failure to comply with court orders designed to ensure orderly prosecution of the case." Bristol Petroleum Corp. v.

-5-

Harris, 901 F.2d 165, 167 (D.C. Cir. 1990) (quoting Link v.
Wabash R.R. Co., 370 U.S. 626, 633 (1962)); see also Wrenn v.
Walters, 851 F.2d 1502 (D.C. Cir. 1988) (upholding dismissal of
action for plaintiff's failure to appear at scheduled court
date); cf. Mikkilineni v. Penn Nat'l Mut. Cas. Ins. Co., 271 F.
Supp. 2d 151, 154-156 (D.D.C. 2003) (upholding the dismissal of a
pro se litigant's case for malfeasance).  Plaintiffs are
expected to use reasonable diligence in participating in
litigation, and plaintiffs are expected to maintain communication
with their counsel.  See Ake v. Mini Vacations, Inc., 174 F.R.D.
110, 112 (M.D. Fla. 1997) (denying plaintiff's motion for relief
from judgment dismissing her claim for failing to respond to an
order to show cause, because plaintiff "had a duty to monitor the
progress of the case, communicate with her attorney, and to
inquire of the Court as to the status of her case in the event
she is unable to contact her attorney"); see also Bomate v. Ford
Motor Co., 761 F.2d 713, 714 (D.C. Cir 1985) (affirming dismissal
where a plaintiff failed to cooperate with her lawyers and failed
to comply with a pretrial order, and where the trial court warned
plaintiff of the consequences of further delays in the pretrial
process); Killingham v. Dist. of Columbia Serv. for Independent
Living, Inc., Civil Action No. 87-2713 (JGP), 1998 WL 1148899, at
*7 (D.D.C. 1998)(a diligent client may reasonably rely on
counsel, but a party may not "remain ignorant of a pending matter

-6-

in the hope that" the matter will be resolved in its favor).  "At
a certain point, a defendant ought to be freed of the anxiety of
litigation that a plaintiff has failed to diligently pursue."
Williams v. Dist. of Columbia Water Auth., Civil Action No. 01-
2110 (RWR), 2005 WL 1241129, at *3 (D.D.C. May 24, 2005)
(dismissing plaintiff's action where plaintiff failed to engage
in discovery for a period of approximately 42 months).

Here, no movants show that the initial decision to dismiss
them from the case for failing to respond to the order to show
cause was erroneous, exceeded the issues presented, or failed to
consider controlling law, or that there was a significant change
in the law that occurred after the decision.  While all three
movants claim that they did not receive the order[4] (or that they
were unaware of the order they did receive), none of them
provides any justification for failing to stay in communication
with plaintiffs' counsel to monitor the progress of the
litigation and learn of their obligation to respond to the order

---

[4] Matkins does not explain why he did not receive the order
to show cause, other than to assert that he did not receive other
mail from plaintiffs' counsel.  (Matkins Mot. for Modification,
at 2.)  Ontiveros seems to claim that as a result of falling
victim to mail fraud, he instructed his mother (who was
apparently tasked with receiving his mail) to throw out
"official-looking letters."  (Ontiveros' Mot. for Recons. at 3.)
Teed-Wilson claims that she did not receive the letter because
she moved several times between 2006 and 2008, and because she
went through a divorce.  (Teed-Wilson's Mot. for Recons. at 3-4.)
Nothing in the record indicates that plaintiffs' counsel failed
to serve these plaintiffs with the order to show cause, or that
the mailings to them were returned as undeliverable.

-7-

to show cause in a timely fashion.  The obligation to assure that an attorney has current information about how to promptly and successfully contact a client rests with the client, not with the attorney.  The same is true with respect to pro se parties keeping a court informed of the party's address and telephone number.  <u>See</u> LCvR 5.1(e)(1).  Unfortunately for the movants here, they did not abide by their obligations.  The motions to reconsider will be denied.

<u>CONCLUSION AND ORDER</u>

Because Matkins, Ontiveros, and Teed-Wilson do not demonstrate that justice requires granting their motions for reconsideration, it is hereby

ORDERED that their motions [203, 213, 234] for reconsideration of the order dismissing them from the case be, and hereby are, DENIED.  The Clerk shall mail a copy of this order to each of the three movants.  It is further

ORDERED that the Clerk substitute as a defendant Ray H. LaHood for Mary E. Peters.

SIGNED this 17th day of February, 2009.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge