IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| K<small>ATHLEEN</small> B<small>REEN</small>, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>A<small>NTHONY</small> F<small>OXX</small>, S<small>ECRETARY</small> O<small>F</small> T<small>RANSPORTATION</small>, D<small>EPARTMENT</small> O<small>F</small> T<small>RANSPORTATION</small>, et al.,<br><br>Defendants. | Civil Action No. 05-cv-654 (PLF) |

### **DEFENDANTS' RESPONSE TO PLAINTIFFS' STATUS REPORT**

On July 11, 2016, plaintiffs filed a "Second Status Report" that purported to "advise the Court of the issues that are pending in this matter and to recommend a plan for structuring the remaining proceedings in order to bring this longstanding action to a resolution as quickly, and efficiently, as possible." ECF No. 290 at 1. Although defendants share plaintiffs' interest in quickly and efficiently resolving this case, as discussed below, they disagree with plaintiffs' recommended plan for achieving these goals.

### 1. P<small>RELIMINARY</small> M<small>ATTERS</small>

Much of plaintiffs' proposal for additional proceedings that would revisit prior rulings and strategic choices of counsel appears to be premised upon the proposition that there is new co-counsel in the case. ECF No. 290 at 3 & n.2. However, plaintiffs' previous lead counsel throughout this litigation, Joseph D. Gebhardt, is still a counsel of record in this case, and all that has happened is that he closed his prior firm (Gebhardt & Associates), joined another firm (the Law Offices of Gary M. Gilbert & Associates), brought this case with him, added co-counsel, and continues to represent the represented plaintiffs. These additional counsel have come in at the eleventh year. The addition of co-counsel does not typically provide a valid basis for a plaintiff to revisit earlier court orders and previously-made strategic litigation decisions. This is

especially inappropriate here, where defendants have been litigating the case as structured in light of plaintiffs' strategic decisions for more than eleven years.

**2. STATUS OF PLAINTIFFS AND FORMER PLAINTIFFS**

Plaintiffs contend that this Court should, as an immediate matter, "determine which plaintiffs are presently before the Court and, as such, can be bound by subsequent decisions that may be rendered in this action," because, in plaintiffs' view, "this issue [is] somewhat unsettled," ECF No. 290 at 1. Defendants disagree that the issue of which plaintiffs are properly in this case is unsettled, and further disagree that there is any valid basis to revisit the Court's earlier decisions on this issue.

First, shortly after filing this action, plaintiffs made the strategic decision to name themselves individually as plaintiffs, and to define the putative class coterminously with the named plaintiffs. *See, e.g.*, First Amended Compl. ¶ 1 (ECF No. 3). They then decided, repeatedly, not to seek certification of that class. That issue is not unsettled.

Second, although certain original plaintiffs have since been dismissed from the action, the question of which plaintiffs presently appear is likewise not unsettled. *See* Ex. A (listing and sorting all current and former plaintiffs). As of the filing of the parties' currently-pending, fully-dispositive, cross-motions for summary judgment, the parties and the Court all understood which plaintiffs remained in the case and which had been dismissed, and there have been no major developments since then to change plaintiffs' status or to raise new questions about their status. Accordingly, there is no need to defer ruling on summary judgment to resolve which plaintiffs would be bound by the Court's summary judgment decision, and the Court should rule on the pending motion(s) for summary judgment.[1]

---

[1] In the parties' Joint Scheduling Proposal (ECF No. 296), plaintiffs indicate that they intend to withdraw their *motion* for summary judgment, and, unless the Court orders new briefing, they will continue to rely on their memorandum in support of their motion because that memorandum was also in opposition to defendants' motion for summary judgment. *See* Jt. Scheduling Prop. 2 & n.4. Plaintiffs' cross-motion is still pending.

### A.  Plaintiffs' Prior Decisions Concerning Class Certification

Plaintiffs have indicated that they wish to file a renewed motion for class certification, despite the fact that plaintiffs and their counsel (counsel who continue to represent the vast majority of plaintiffs in this case), made the strategic judgment to abandon class certification and proceed to summary judgment briefing. Plaintiffs' strategic decision should not be disturbed. In their Second Status Report, Plaintiffs describe their Motion for Class Certification, filed at ECF No. 4, and Judge Roberts' comment at the February 7, 2007 status conference that the motion "can be ginned up again." *See* ECF No. 290 at 1–2 & n.1. Plaintiffs' Second Status Report omits the facts that: (a) plaintiffs themselves made the strategic decision to abandoned their original motion for class certification, *see* ECF No. 49 at ¶10, and chose to pursue the case as individual plaintiffs rather than as members of a class, *see, e.g.*, *id.*, ECF No. 99 at ¶ 4; (b) the Court denied the certification motion without prejudice in response to plaintiffs' request;[2] (c) plaintiffs proposed that any renewed motion for class certification be due within 60 days of the close of merits discovery, ECF No. 49 at ¶10; and (d) at the close of discovery plaintiffs made the strategic decision not to file a renewed motion for class certification and instead to proceed with cross-motions for summary judgment, *see infra* at 3 and n.3 (discussing close-of-discovery status conference).

The Joint Meet and Confer Statement submitted by the parties in January 2007 stated:

> **Class Action Procedures.** The Plaintiffs request that proceedings on their previously filed Motion for Class Certification (Docket No. 4) be stayed until the end of discovery so that discovery on class action issues can be fully developed in discovery and that any renewed Motion for Class Certification be brought within 60 days of the close of discovery; that any oppositions be filed 60 days thereafter; and that any replies be filed 30 days after the filing of the oppositions. . . .

---

[2] "The Court: … [T]he schedule for filing or re-filing the class cert motions was suspended at the request of the plaintiffs in the Rule 16.3 report. It wasn't suspended, I denied the motion because of the plaintiffs' observations that the size and existence of the class was in some flux. … I think there was some mention in the papers that the motion was still pending; its not. I denied it without prejudice in part because of the representation in the 16.3 report." Aug. 12, 2008 Status Call Tr. 29:06-13.

3

ECF No. 49 at ¶ 10.

After seven extensions of the discovery deadline, liability discovery in this case closed in February 2009, and the Court held a post-discovery status conference on February 18, 2009. *See* Jan. 21, 2009 Minute Order. The Court inquired at that status conference whether plaintiffs wished to file a renewed motion for class certification. Feb. 18, 2009 Conf. Tr. 16:17–22. Plaintiffs' counsel responded that plaintiffs were "considering re-filing a motion for class cert, but no final decision ha[d] been made." *Id.* 17:04–05. Then, when given the opportunity to adjust the summary-judgment briefing schedule to accommodate a class-certification motion, plaintiffs declined to pursue class certification and instead expressed that they wished to proceed to file cross-motions for summary judgment.[3] *Compare id.* 17:10–19:23, 21:05–16, *with* Mar. 23, 2009 Jt. Status Rep. (ECF No. 251). In short, plaintiffs chose to pursue this case as an individual-plaintiff case rather than as a class action and that strategic decision should not be revisited at this stage in the litigation.

Plaintiffs' Second Status Report conveys the impression that the Court's denial without prejudice of their motion for class certification, at an early stage in the litigation, created an open question regarding who would be among the plaintiffs bound by the Court's subsequent rulings. This is incorrect. Plaintiffs repeatedly defined the putative class coterminously with the list of

---

[3] At the February 2009 status conference, the Court discussed with both sides "the sequencing of motions," including the anticipated cross-motions for summary judgment and any renewed class certification motion, Feb. 18, 2009 Conf. Tr.. 17:10–19:23, and then set a summary judgment briefing schedule, *see id.* 26:10–16. The Court instructed the represented parties to, within six weeks, jointly submit a status report discussing, among other things, "whether there's any need to modify the briefing schedule" that the Court was setting. *Id.* 21:05–16. The parties' conforming joint-status report (ECF No. 251), stated that the parties "d[id] not consider there to be any reason at this time to disrupt the current [summary judgment] briefing schedule." *Id.* at 1. Most notably, plaintiffs did not make arrangements at the close of discovery to file a renewed motion for class certification, *see id.*, nor did they include class certification within the list of issues that might require the Court's attention in the future, *id.* at 2–3 (discussing the "only other matters still outstanding").

During the subsequent years during which the parties' cross-motions for summary judgment remained pending, plaintiffs made no mention to the Court that they might attempt to renew their pursuit of class certification, stating this possibility for the first time in their July 11, 2016 status report. *Cf.* Pls' Mot to Expedite Consideration of Cross-Mots for Sum. J. (ECF No. 281).

named plaintiffs, so that adding or dismissing named plaintiffs would correspondingly change the membership of the class. *See, e.g.*, First Amended Compl. ¶¶ 1, 19 (ECF No. 3) (defining the putative class); Pls' Mot for Class Certification 7 (ECF No. 4) ("The class is defined as all the Flight Service Air Traffic Control Specialists named in the First Amended Complaint."); Pls' Mot to Add Pls. ¶¶ 3, 8 (ECF No. 25) (seeking to add 84 individual plaintiffs, and stating: "Once these 84 individuals are added, there will be a total of 918 individuals named as Plaintiffs and potential class members in the above-captioned case."); Feb. 18, 2009 Conf. Tr. 18:11–24 (stmt. of pls' counsel) (explaining that the putative class was "down to 225" plaintiffs, all of whom were also named plaintiffs).[4] Accordingly, because of how plaintiffs structured their case and defined their putative class, the certification of the class would have no bearing on who could be considered a plaintiff in this action.[5] All named plaintiffs were and are bound by the Court's decisions in this action.

### B. The Courts' Prior Rulings On Dismissal and Joinder of Plaintiffs

Plaintiffs' Second Status Report discusses two orders dismissing individual plaintiffs from this action. Plaintiffs assert that the former plaintiffs were dismissed "for their failure to respond to show cause orders directing them to complete individual discovery."[6] ECF No. 290 at 2. Plaintiffs' Second Status Report provides an incomplete account of the dismissal orders.

---

[4] *See also* Jan. 7, 2008 Mem. Op. (ECF No. 122) ("After the first amended complaint was filed, the membership in the putative class changed, with some members being added and others being dismissed. The class has continued to be defined by names of individual class members.").

[5] To the extent plaintiffs now envision some different, broader class than the one covered by their First Amended Complaint and described in their original Motion for Class Certification, they would typically be required to file a motion for leave to amend their Complaint. *See, e.g.*, *Bee, Denning, Inc. v. Capital Alliance Group*, 310 F.R.D. 614, 621 (S.D. Cal. 2015) ("The Court is bound to class definitions provided in the complaint and, absent an amended complaint, will not consider certification beyond it.") (citation omitted). However, the deadlines for amending the complaint, and for joinder, have long since passed. *See* ECF No. 53, Scheduling Order (setting May 8, 2007 deadline for amending the complaint).

[6] Plaintiffs raise the question of allowing the dismissed plaintiffs "to participate as absent members of a class, from which discovery is not normally permitted," ECF No. 290 at 2, but they fail to explain the relevance of this question here, where plaintiffs defined their putative class coextensively with the named plaintiffs.

There were numerous orders—not just two—dismissing individual plaintiffs from the case for various reasons, including several orders granting plaintiffs' motions for voluntary dismissal. [7] *See, e.g.*, ECF No. 67 (granting "Consent Motion for Voluntary Dismissal of 17 Plaintiffs," ECF No. 60); *see also* Ex. A. Although "failure to respond to defendants' discovery demands" was one of the items the Show Cause plaintiffs were ordered to explain, so too was "failure to communicate with [their] counsel." *See* Order to Show Cause (ECF No. 107). Indeed, plaintiffs' counsels' Motion to Withdraw from representing many of the plaintiffs (ECF No. 71) preceded the Show Cause Orders and provided the initial prompt for the Court to issue those orders. *See* Sept. 14, 2007 Status Call Tr. 4:24–5:21[8] (explaining that—except for the 20 plaintiffs who had indicated a desire to proceed *pro se*—the Court was denying counsels' motion with respect to the majority of plaintiffs covered by counsels' motion, and would instead issue Orders to Show Cause why those plaintiffs should not be dismissed from the case); *see also* ECF No. 107 ("[The Show Cause] plaintiffs … have not responded to [their counsels'] multiple attempts to contact them to determine whether they wish to proceed with this case.").

Plaintiffs' Second Status Report also highlights an order denying a motion brought by 20 individuals seeking joinder or intervention in the case, and it requests the opportunity to move for reconsideration of that order. ECF No. 290 at 2, 4–5. Plaintiffs' Second Status Report fails to mention: (a) that the proposed-joinder individuals have already once moved for reconsideration of that order, (b) that their motion for reconsideration made similar arguments to the ones Plaintiffs' Submission now raises, and (c) that the Court rejected those arguments and denied reconsideration. *Cf.* Ex. A at 21; Mem. Op. Denying Reconsideration (ECF No. 181).

---

[7] For a full listing of the dismissal orders, *see* Ex. A at 10-20.

[8] "The Court: … I'm going to grant [counsels' motion] as to the 20 plaintiffs who said in writing that they wanted to proceed *pro se*. But I'm going to deny it as to the remainder, and instead what I'm going to do is order the remaining [plaintiffs named in counsel's motion to withdraw] … to show cause why they should not be dismissed from the case. … The plaintiffs will be advised in the show cause order that if they fail to timely respond to the clerk of the Court, it will result in having the claims [on] their behalf and their presence in the case dismissed."

6

Plaintiffs present no valid reason for the Court to entertain a second motion for reconsideration, particularly where it would unnecessarily delay the final resolution of this case. The joinder issue has already been fully litigated and resolved and relitigated and reresolved. A third resolution should not be necessary.

### C. Four Categories of Plaintiffs Described in Plaintiffs' Submission

Plaintiffs' Second Status Report asks the Court to confirm the status of "four general categories of plaintiffs: (1) Represented Plaintiffs, (2) *Pro Se* Plaintiffs, (3) Dismissed Plaintiffs, and (4) Joinder Plaintiffs." Defendants respond as follows.

#### i. Represented Plaintiffs

Plaintiffs' Second Status Report states that there are "188 plaintiffs before the Court who are appearing individually," and who are represented by plaintiffs' counsel. ECF No. 290 at 3. According to defendants' records, there are 224 current plaintiffs in this case, all but 5 of whom are represented by counsel, with the remaining 5 proceeding pro se.[9] *See* Ex. A at 1–9.[10]

#### ii. *Pro Se* Plaintiffs

Plaintiffs' Second Status Report describes 27 current plaintiffs "who have been proceeding *pro se* in this action," stating that 20 of these individuals have since re-retained plaintiffs' counsel, which would leave 7 *pro se* plaintiffs. ECF No. 290 at 3. According to defendants' records, there are 5 current plaintiffs in this case who are proceeding pro se. *See* Ex. A at 1.

---

[9] Or at least they have been represented by plaintiffs' counsel (and co-counsel) and no separate attorney has entered an appearance nor have they entered a *pro se* appearance. Some of the represented plaintiffs were subject to a motion to withdraw representation filed by plaintiffs' counsel (ECF No. 71), but the Court denied the motion as to certain plaintiffs who should be counted among the represented plaintiffs, *see* Ex. A at 1–9.

[10] The 119 represented plaintiffs include some for whom the Court had previously granted plaintiffs' counsels' motion to withdraw representation (ECF No. 71), or who had otherwise entered a *pro pe* notice of appearance, but who have since re-retained plaintiffs' counsel. *See* Ex. A at 1–9; *see also* supra n.9.

7

### iii.    Dismissed Former Plaintiffs

Plaintiffs' Second Status Report discusses the dismissed former plaintiffs, and lists 664 dismissed plaintiffs in its Attachment C.  *See* ECF No. 290 at 4, and Att. C (ECF No. 290-3). According to defendants' records, the Court has dismissed 691 former plaintiffs from this case. *See* Ex. A at 10–19.

### iv.    Denial-of-Joinder Plaintiffs

Finally, Plaintiffs' Second Status Report discusses the 20 individuals who moved for joinder (or in the alternative to intervene).  ECF No. 290 at 4–5Plaintiffs' counsel represented each of those 20 individuals when they moved for joinder, and also represented them when they moved for reconsideration of the Court's denial of their motion (and continues to represent them now).  *See* Ex. A at 20.

## 3.    DISPOSITION OF THE CROSS-MOTIONS FOR SUMMARY JUDGMENT

Defendants strongly disagree that the resolution of their long-pending summary judgment motion "should await a determination of the parties who are properly before the Court and whose rights would be affected by this motion practice."  *Cf*. ECF No. 290 at 5.  The identities of both the current plaintiffs and the dismissed plaintiffs are known.  The parties have long been awaiting decision on summary judgment; plaintiffs even filed an unopposed (and still pending) motion for expedited consideration of the cross-motions, urging the Court to quickly resolve summary judgment.  *See* Pls' Mot. for Expedited Consideration 5 (ECF No. 281).  The Court (and the parties) already spent many months determining which plaintiffs were to remain in this action, and which were to be dismissed, and the Court should not now divert its attention from deciding defendants' pending, fully dispositive summary judgment motion to revisit prior decisions regarding the individual plaintiffs.  Similarly, plaintiffs should not be allowed to now file a renewed motion for class certification, having previously decided not to file such a motion by the 60-days-post-discovery-deadline that they proposed.

The fastest and most efficient way for the Court to resolve this case is to decide defendants' pending motion for summary judgment.

Dated: July 28, 2016							Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

CHANNING D. PHILLIPS
United States Attorney

JOSHUA E. GARDNER
Assistant Branch Director

*s/ Lisa Zeidner Marcus*
BRIAN G. KENNEDY (DC Bar # 228726)
Senior Trial Counsel
ADAM D. KIRSCHNER (IL Bar # 6286601)
LISA ZEIDNER MARCUS (NY Bar)
Senior Counsel

United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW, 7th Floor
Washington, D.C. 20530
Telephone: (202) 514-3336
Fax: (202) 616-8470
Email: lisa.marcus@usdoj.gov

Counsel for Defendants