UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

KATHLEEN BREEN, et al.,

    Plaintiffs,

v.                        Civil Action No. 05-0654 (PLF)

ELAINE L. CHAO, Secretary of
Transportation, Department of
Transportation, et al.,

    Defendants.

---

MEMORANDUM OPINION

The above-captioned case involves claims brought by former flight service specialists against the Federal Aviation Administration and the Department of Transportation alleging violations of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, et seq. The Court has more fully described the factual and procedural history of this case in an earlier opinion. See Breen v. Chao, No. 05-0654, 2017 WL 2312884 (D.D.C. May 26, 2017). This matter now comes before the Court upon the ten motions for substitution of estates filed by plaintiffs' counsel on August 18, 2017, seeking to substitute the personal representatives of the estates of ten now-deceased plaintiffs.[1] Defendants filed an omnibus opposition to the

---

[1] The motions for substitution include the following: Plaintiffs' Motion for Substitution of Estate for Plaintiff Christopher Beale ("Beale Motion to Substitute") [Dkt. 352]; Plaintiffs' Motion for Substitution of Estate for Plaintiff Craig Marcus ("Marcus Motion to Substitute") [Dkt. 353]; Plaintiffs' Motion for Substitution of Estate for Plaintiff Donald Northover ("Northover Motion to Substitute") [Dkt. 354]; Plaintiffs' Motion for Substitution of Estate for Plaintiff Fred Lippi ("Lippi Motion to Substitute") [Dkt. 355]; Plaintiffs' Motion for Substitution of Estate for Plaintiff John Schweigert ("Schweigert Motion to Substitute") [Dkt. 356]; Plaintiffs' Motion for Substitution of Estate for Plaintiff Larry Johnston ("Johnston Motion

motions for substitution [Dkt. 362] on September 1, 2017, to which plaintiffs filed their reply [Dkt. 363] on September 8, 2017.

Each motion for substitution includes supporting documentation to identify the following as the personal representatives of the ten deceased plaintiffs' estates: Barbara Lynn Hoyt, as executor of Christopher Beale's estate, see Beale Mot. to Subst. Exs. 1, 3, 4;[2] Patricia E. Marcus, as sole distributee of Craig Marcus's estate, see Marcus Mot. to Subst. Exs. 1, 3;[3] Nyoka S. Northover, as sole distributee of Donald Northover's estate, see Northover Mot. to Subst. Exs. 1, 3; Monica Lippi, as sole distributee of Fred Lippi's estate, see Lippi Mot. to Subst. Exs. 1, 3; Aaron Schweigert, as executor of John Schweigert's estate, see Schweigert Mot. to Subst. Exs. 1, 3;[4] Deborah L. Johnston, as sole distributee of Larry Johnston's estate, see Johnston Mot. to Subst. Exs. 1, 3; Veronica R. Missouri, as executor of Maurita Potter's estate, see Potter Mot. to Subst. Exs. 1, 3; Carolyn M. Bixler, as executor of Nancy Sutton's estate, see Sutton Mot. to Subst. Exs. 1, 3; William Marshall and Melissa Ross, as executors of Robert Marshall's estate,

---

to Substitute") [Dkt. 357]; Plaintiffs' Motion for Substitution of Estate for Plaintiff Maurita Potter ("Potter Motion to Substitute") [Dkt. 358]; Plaintiffs' Motion for Substitution of Estate for Plaintiff Nancy Sutton ("Sutton Motion to Substitute") [Dkt. 359]; Plaintiffs' Motion for Substitution of Estate for Plaintiff Robert Marshall ("Marshall Motion to Substitute") [Dkt. 360]; and Plaintiffs' Motion for Substitution of Estate for Plaintiff Tommy Forte ("Forte Motion to Substitute") [Dkt. 361].

[2]   Exhibit 1 to the Beale Motion to Substitute is a Letter of Instruction to Substitute Estate signed by Barbara Lynn Hoyt, as personal representative for Christopher Beale. Exhibit 3, however, reflects that Barbara Beale was named executor by court order. Exhibit 4 is a subsequent marriage license for Barbara Lynn Beale and John Alexander Hoyt. Although neither Exhibit 4 nor any other exhibits conclusively show that Barbara Beale changed her name to Barbara Hoyt, she represents in Exhibit 1 that she "changed [her] last name upon remarriage."

[3]   As a note, it appears Ms. Marcus neglected to include her address or other contact information in Exhibit 1 to the Marcus Motion to Substitute.

[4]   As a note, it appears Mr. Schweigert neglected to include his address or other contact information in Exhibit 1 to the Schweigert Motion to Substitute.

see Marshall Mot. to Subst. Exs. 1, 3, 4;[5] and Mary J. Forte as sole distributee of Tommy Forte's estate, see Forte Mot. to Subst. Exs. 1, 3. The motions for substitution do not make clear, however, whether plaintiffs' counsel also represent each of these personal representatives. Rather, each of the ten motions simply describes the movants as "Plaintiffs, by and through undersigned counsel" and represents that each of the decedents' "Personal Representative[s] has instructed Plaintiffs' counsel to substitute the Estate for [the decedent] as a Plaintiff in this case."

Defendants' opposition argues that the motions for substitution should be denied because they do not comply with Rule 25(a) of the Federal Rules of Civil Procedure. Defendants first argue that, for all but one of the decedents, Rule 25(a) does not apply because those decedents' claims were extinguished by the Court's earlier orders of dismissal. See Defs.' Opp'n at 1–6.[6] Second, defendants argue that plaintiffs have failed to request substitution of a proper party, as "estates" alone cannot be deemed proper parties. They also argue that even if the motions for substitution were construed as seeking to substitute the signatories to the attached letters, plaintiffs have failed to demonstrate why each signatory would be a proper party. See id. at 6–7. Defendants next argue that the motions for substitution do not comply with the service

---

[5] Although William Marshall and Melissa Ross assert in Exhibit 1 to the Marshall Motion to Substitute that they are the executors of the estate, Exhibit 3 reflects that William Marshall and Melissa Rawlings were appointed as co-special administrators of the estate. In addition, Exhibit 4 lists William Marshall and Melissa Rawlings as the co-special administrators appointed by the court, although the document was affirmed and signed by William Marshall and Melissa Ross. The filings do not explain the reason for these discrepancies.

[6] Only two of the decedents — Christopher Beale and Fred Lippi — had not already been dismissed from the case at the time of their deaths. Mr. Beale died on November 2, 2007. See Beale Mot. to Subst., Ex. 2. On November 8, 2007, the Court issued an Order directing Mr. Beale to show cause for his failure to respond to written discovery requests and his counsel's attempts to contact him. See Order to Show Cause [Dkt. 107]. Receiving no response to this Order, the Court dismissed Mr. Beale from the case on May 30, 2008. See Order Dismissing Pls. [Dkt. 151]. Mr. Lippi was never dismissed from the case.

requirements of Rule 25(a). See id. at 7–8. Finally, defendants point out that the motions for substitution do not make clear the relationship between plaintiffs' counsel, who filed the motions, and the personal representatives sought to be substituted. See id. at 8–9.

In response, plaintiffs argue that, because a final order of dismissal has not been entered in this case, the dismissed decedents' claims have not been extinguished. See Pls.' Reply at 1–2. Plaintiffs also assert that their ten motions to substitute name the proper parties to be substituted and were served in compliance with Rule 25(a). See id. at 2–5. Lastly, plaintiffs' counsel argue that their relationship to the personal representatives sought to be substituted is unambiguous: "Plaintiffs' Counsel readily represent to the Court that they have been retained by the estate representatives to represent them in this case, including in seeking to substitute these representatives for their deceased relatives." See id. at 5–6.

I.  LEGAL STANDARD

Rule 25(a) provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." FED. R. CIV. P. 25(a)(1). In determining the "proper party" for substitution, courts generally look to the "legal representative" of the deceased. See Sinito v. U.S. Dep't of Justice, 176 F.3d 512, 516 (D.C. Cir. 1999); see also May v. Shuttle, Inc., No. 94-1019, 1996 WL 774536, *1 n.1 (D.D.C. Sept. 5, 1996) (noting that the administrator of a deceased plaintiff's estate had been substituted as plaintiff). While an appointed executor or administrator of the decedent's estate is often the proper party, this is not always so. See Sinito v. U.S. Dep't of Justice, 176 F.3d at 516. For example, where an estate has been distributed, "the distributee of a decedent's estate may be a 'successor' of an estate . . . and thus can be a proper party." Id.

4

A motion to substitute a proper party for a deceased party "may be made by any party or by the decedent's successor or representative." FED. R. CIV. P. 25(a)(1). Strictly following the text of Rule 25(a), courts have explained that "[a] motion for substitution may be filed only by a party, by the executor or administrator of the decedent's estate, or, if the estate has already been distributed to the heirs, by them," but a "decedent's lawyer may not file such a motion in his own name because he no longer has a client." See Atkins v. City of Chicago, 547 F.3d 869, 872 (7th Cir. 2008) (citing FED. R. CIV. P. 25(a)(1)). In addition, such a motion must be made within ninety days "after service of a statement noting the death, [or] the action by or against the decedent must be dismissed." FED. R. CIV. P. 25(a)(1).

Rule 25(a) requires that a motion to substitute a proper party "be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4." FED. R. CIV. P. 25(a)(3); see also Grandbouche v. Lovell, 913 F.2d 835, 837 (10th Cir. 1990). In identifying the nonparties for whom service is required, Rule 25(a) "obviously [does not require service upon] every person in the United States who happens not to be a party to the lawsuit in question." See Atkins v. City of Chicago, 547 F.3d at 873. Instead, the rule requires service upon "nonparties with a significant financial interest in the case, namely the decedent's successors (if his estate has been distributed) or personal representative ([if] it has not been)." Id. As a result, service on decedent's counsel alone is inadequate where service has not been effected upon the decedent's successors or personal representative. See, e.g., Fariss v. Lynchburg Foundry, 769 F.2d 958, 962 (4th Cir. 1985). This is because an attorney's agency to act on behalf of her client ceases upon the party's death; the attorney's responsibilities do not necessarily transfer to the decedent's successors or personal representative. Id. To the contrary, a personal representative to be substituted may retain different counsel. Id. Accordingly, nonparty successors or

5

representatives of a decedent ordinarily must be personally served to be provided with proper notice of a motion to substitute. Id.

## II. ANALYSIS

The ten motions to substitute all suffer from the same deficiency — they fail to make clear the relationship between plaintiffs' counsel and those sought to be substituted for the decedents. If the personal representatives have not retained plaintiffs' counsel, the motions do not comply with Rule 25(a): the motions would have been made by the deceased plaintiffs' attorneys, rather than "by any party or by the decedent's successor or representative," and the motions would not have been properly "served . . . on nonparties as provided in Rule 4." See FED. R. CIV. P. 25(a). Although plaintiffs' reply represents that the personal representatives have retained plaintiffs' counsel, the ten motions to substitute are ambiguous as to this point on their faces — the motions describe the movants simply as "plaintiffs," and the letters attached as Exhibits 1 to each motion merely "instruct" plaintiffs' counsel to substitute the decedent's personal representative for the deceased plaintiff in the pending lawsuit.

In contrast, if plaintiffs' counsel do represent the personal representatives seeking to be substituted, then defendants' arguments in opposition to the ten motions to substitute fail. The motions to substitute can then be construed to have been filed by counsel on behalf of "the decedent's successor or representative," in compliance with Rule 25(a)(1), and the movants need not have served their own motions upon themselves. In addition, with the exception of the discrepancies noted above, each motion to substitute includes attachments indicating that the moving representative is the proper party to be substituted, either as the appointed executor or

the sole distributee of the decedent's estate.[7]  Thus, defendants' argument that "estates" alone cannot be proper parties under Rule 25(a) is not only inaccurate, but irrelevant.[8]

Furthermore, the fact that nine of the ten decedents have been dismissed from the case does not preclude the Court from substituting those dismissed, now-deceased plaintiffs with the representatives of their estates.  Rule 25(a)(1) allows for substitution only where a decedent's "claim is not extinguished."  Defendants argue that the claims of the nine dismissed plaintiffs have been extinguished by virtue of their dismissals.  As plaintiffs note, however, no final order of dismissal has been entered in this case.  And, in fact, three of the dismissed parties have moved for reconsideration of their dismissal.  See Mot. for Reconsideration of Dismissal of Pls. [Dkt. 317].  Defendants have not identified any legal authority suggesting that a motion for substitution otherwise compliant with Rule 25(a) must be denied prior to issuance of a final order of dismissal.  To the contrary, Rule 54(b) makes clear that when an action involves multiple parties:

> [T]he court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

---

[7]  See supra at 2–3 and notes 2–5.

[8]  Plaintiffs correctly note that estates have appeared as parties to civil actions in this court.  See, e.g., Estate of Klieman v. Palestinian Auth., 82 F. Supp. 3d 237 (D.D.C. 2015); Estate of Matthews v. Novartis Pharm., 77 F. Supp. 3d 1 (D.D.C. 2014); Estate of Rudder v. Vilsack, 10 F. Supp. 3d 190 (D.D.C. 2014).  Regardless, the instant motions to substitute clearly contemplate substitution of the identified personal representatives of each decedent's estate, rather than substitution of the estate itself.

7

While Rule 54(b) has not been expressly linked to the Rule 25(a) standard, this is because the federal courts that have decided whether a claim has been "extinguished" for Rule 25(a) purposes have focused instead on whether a parties' death itself extinguished the claim.[9] It is worth noting, however, that the Third Circuit has held that a grant of summary judgment to only one defendant in a multi-party case was not a final order and thus, under Delaware law, plaintiff's claim against that defendant was not extinguished at the time of that defendant's death for purposes of substitution pursuant to Rule 25(a). See Giles v. Campbell, 698 F.3d 153, 157 (3d Cir. 2012).

III. CONCLUSION

For the foregoing reasons, the Court will permit plaintiffs' counsel to supplement the ten motions to substitute in order to clarify whether counsel do in fact represent the personal representatives of the decedents' estates. In addition, the Court directs plaintiffs' counsel to also explain or correct the discrepancies identified supra in notes 2–5 in their supplemental filing.

---

[9] Relatedly, defendants tangentially raise the question of whether a plaintiff's death itself extinguishes a claim brought under the ADEA. See Def.'s Opp'n at 5 n.9. Federal courts addressing this issue, however, have determined that it is "clear that an ADEA claim survives death of the original plaintiff and is subject to revival by his legal representative as a matter of federal law." Fariss v. Lynchburg Foundry, 769 F.2d 958, 962 n.3 (4th Cir. 1985) (citing Asklar v. Honeywell, Inc., 95 F.R.D. 419, 424 (D. Conn. 1982)); see also Duffy v. Sodexho, Inc., No. 05-5428, 2008 WL 4919399, *20–21 (E.D. Penn. Nov. 17, 2008) (granting motion to substitute executrix of deceased plaintiff's estate and addressing plaintiffs' ADEA claims on the merits); O'Keefe v. Gen. Accident Ins. Co., 918 F. Supp. 115, 116 n.1 (S.D.N.Y. 1996) (noting that although plaintiff had died, the court had granted a motion to substitute the executor of her estate, and proceeding to address the merits of plaintiff's ADEA claims). But see EEOC v. Timeless Investments, Inc., 734 F. Supp. 2d 1035, 1057 (E.D. Cal. 2010) (holding that while remedial claims brought under the ADEA survived, plaintiff's death terminated his claim for liquidated damages because such remedies "are considered 'penal' or 'punitive' in nature"); Flaum v. Gloucester Lanes, Inc., No. 13-cv-131, 2015 WL 364603, *2 (E.D. Va. Jan. 27, 2015) (making a similar distinction between remedial and punitive claims in determining whether plaintiff's Americans with Disabilities Act claim survived his death).

Upon review of plaintiffs' supplemental filings, the Court will determine whether the pending motions for substitution comply with Rule 25(a).

An Order consistent with this Opinion shall issue this same day.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: October 16, 2017