**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| KATHLEEN BREEN, *et al.*, <br> Plaintiffs, <br><br> v. <br><br> ELAINE CHAO, SECRETARY OF <br> TRANSPORTATION, DEPARTMENT OF <br> TRANSPORTATION, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 05-cv-654 (PLF) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LIMITED ADDITIONAL DISCOVERY**

Plaintiffs' Motion for Limited Additional Discovery should be granted for three reasons. First, there appears to be no dispute that testimony from experts regarding the A-76 procedure implemented by the FAA would be of considerable assistance to the Court in adjudicating this case. Defendants' Opposition ("Opp'n"), Dkt. 393 at 12. This case involves a complex set of governmental personnel procedures, and an assessment of whether the FAA complied with or deviated from those procedures is central to the issue of liability in this matter. While some of the factors used to determine whether to allow expert discovery may weigh against reopening discovery in this case, none should outweigh the importance of the information that can be obtained from the very limited additional discovery Plaintiffs seek.

The subject of the proposed expert's testimony will be critical to understanding the key issues the parties will be debating at trial. This testimony can provide unique insights about

1

whether the process employed by the FAA comported with the A-76 competition rules and with procedures followed by other agencies that engaged in A-76 competitions. This will be a "central question at the heart of the Court's inquiry" at trial. Summary Judgment Op., Dkt. 344, at 30.

Second, Defendants fail to demonstrate any significant prejudice that would occur from permitting the limited additional discovery Plaintiffs seek. Defendants claim that they would be prejudiced by the additional expense of seeking and retaining their own expert. Dkt. 393 at 11. While retaining an expert will undoubtedly be an additional expense, increased costs do not alone provide a basis to deny a request to reopen discovery. *Childers v. Slater*, 197 F.R.D. 185, 189 (D.D.C. 2000) ("The fact that additional discovery will impose costs upon the defendants … does not necessarily mean that it would be unduly burdensome."). Moreover, by comparison to the amount of damages at issue in this case, the additional litigation expense is justifiable, particularly given the importance of the testimony to questions central to this case and the opportunity Defendants will have to depose Plaintiffs' expert. *See Richardson v. Korson*, 905 F. Supp. 2d 193, 200 (D.D.C. 2012) (prejudice may be cured by allowing the opposing party an opportunity to depose an expert regarding a late filed disclosure).[1]

---

[1] Defendants argue that *Richardson* is inapplicable because the issue there was a Rule 37 motion to strike an expert report submitted after the close of discovery, not a motion to reopen discovery under Rule 16. Dkt. 393 at 11 n.5. However, *Richardson* addressed factors that are also part of the Rule 16 "good cause" analysis, and held that because a trial date had not been set, because the expert report was critical to the case, and because there was minimal prejudice where the other party could depose the expert, reopening discovery for this limited purpose was warranted. *Richardson*, 905 F. Supp. 2d at 200-01.

And while expanding the discovery process to allow expert testimony may add a few additional months to the litigation, this case has already been pending for thirteen years, and there is no trial date set and no imminent deadlines for which a delay would prejudice Defendants.  Both parties have expressed their desire to bring this case to a close in a timely manner, but Plaintiffs do not wish to advance this litigation at the expense of denying the Court the benefit of important testimony that may help ensure the Court is fully informed when reaching its decision.  Plaintiffs trust that Defendants share this view.[2]

Finally, whether Plaintiffs could have previously sought an expert or raised this issue before the Court is not dispositive of whether discovery should be reopened now.  *See* Mem., Dkt. 391-2 at 8-10 (explaining that the *Childers* factors on balance weigh in favor of reopening discovery).  There should be no question that, regardless of whether Plaintiffs could have foreseen the need for an expert, the Court in its Order denying Defendants' summary judgment motion as to Plaintiffs' disparate treatment claims emphasized the importance of this issue to the upcoming trial, which has informed the type of evidence Plaintiffs now seek.  Summary Judgment Op., Dkt. 344, at 28-33.

Therefore, Plaintiffs respectfully ask the Court to reopen discovery and permit the limited additional discovery Plaintiffs seek in order that the Court may benefit from this evidence so central to the adjudication of liability.  *See* Mem., Dkt 391-2 at 7-9.

---

[2] Oddly, Defendants seem to believe that permitting experts to provide opinions on the A-76 process would entail "mini-trials" and an adjudication on each process undertaken at each agency. Dkt. 393 at 11.  That is hardly the purpose of the expert opinion Plaintiffs seek to provide.  Rather than provide an agency-by-agency comparison of various A-76 processes, Plaintiffs' expert is expected to offer a comparison of the A-76 procedure used at the FAA with procedures that were commonly used at other agencies.

Dated:  June 22, 2018

Respectfully submitted,

s/ Joseph M. Sellers
Joseph M. Sellers, Bar No. 318410
Shaylyn Cochran, Bar No. 1012977
Brian Corman, Bar No. 1008635
**COHEN MILSTEIN SELLERS**
 **& TOLL PLLC**
1100 New York Avenue, N.W.
Suite 500, East Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile:  (202) 408-4699
jsellers@cohenmilstein.com

s/ Gary M. Gilbert
Gary M. Gilbert, Bar No. 15808
Linda A. Kincaid, Bar No. 416936
Michal Shinnar, Bar No. MD0033
Cori M. Cohen, Bar No. MD19124
Shannon C Leary, Bar No. MD18396
**THE LAW OFFICES OF GARY M.**
**GILBERT & ASSOCIATES, P.C.**
1100 Wayne Avenue, Suite 900
Silver Spring, MD 20910
Telephone: (301) 608-0880
Facsimile:  (301) 608-0881
Gary@ggilbertlaw.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served via the CM/ECF electronic filing system on this 22nd day of June, 2018, and thereby served upon the parties and/or their counsel.

By: /s/ Joseph M. Sellers