UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

_____
                                      )
KATHLEEN BREEN, et al.,               )
                                      )
        Plaintiffs,                   )
                                      )
        v.                            )    Civil Action No. 05-0654 (PLF)
                                      )
ELAINE L. CHAO, Secretary of          )
Transportation, Department of         )
Transportation, et al.,               )
                                      )
        Defendants.                   )
_____)

                    MEMORANDUM OPINION AND ORDER

        This case has been pending since 2005. It was originally assigned to Judge Richard W. Roberts, and was transferred to the undersigned upon his retirement on April 1, 2016. At about the same time, new counsel entered their appearances on behalf of plaintiffs. Thereafter, the Court held a comprehensive status conference, entered a scheduling order, and ordered further briefing on the then-pending motion for summary judgment and motions for reconsideration. On May 26, 2017, the Court issued an opinion and order granting in part and denying in part defendants' motion for summary judgment. On March 27, 2018, the Court granted the motion of previously dismissed plaintiffs for reconsideration of Judge Roberts' orders of dismissal and reinstated the claims of 226 movants. On the same day, it issued a separate opinion and order granting reconsideration to fifteen prospective plaintiffs, permitting them to intervene, and inviting plaintiffs to file an amended complaint. Plaintiffs filed the second amended complaint on April 10, 2018. Following a status conference on May 1, 2018,

plaintiffs filed the instant motion to reopen discovery [Dkt. No. 391], a motion which defendants vigorously oppose.

The parties acknowledge that discovery closed over nine years ago, and defendants argue that it would cause them serious harm and undue prejudice if the Court were to reopen discovery now. The parties also agree that the Court has substantial discretion in deciding whether to reopen discovery, and that the Court's discretion is guided by Rule 16(b)(4) of the Federal Rules of Civil Procedure, which requires a showing of "good cause" to amend a scheduling order and reopen discovery. See FED. R. CIV. P. 16(b)(4); see also In re Rail Freight Fuel Surcharge Antitrust Litig., 138 F. Supp. 3d 1, 2 (D.D.C. 2015). As the Court stated at the status conference on May 1, 2018, it has a good deal of sympathy with defendants' position that reopening discovery at this late date would be unfair, even despite the fact that new, more diligent counsel have entered their appearances on behalf of plaintiffs. The Court also indicated at the status conference that it found plaintiffs' more discrete request to add an expert to be more persuasive than any request to more broadly reopen discovery.

By their motion, plaintiffs have sought (1) to add an expert, Dr. Robert Nelson, who can provide an opinion on the procedures employed by the Federal Aviation Administration ("FAA") during the A-76 competition at issue in this case, and (2) to reopen discovery for what they refer to as "the limited purpose of allowing plaintiffs to propound six discovery requests" under Rule 34 of the Federal Rules of Civil Procedure. Defendants oppose both requests. They oppose the designation of a new expert on the ground that plaintiffs, through prior counsel, were not diligent in proposing such an expert earlier and because the addition of a new expert now would require defendants to undertake the cost of retaining their own expert who would need to prepare reports and sit for a deposition. The Court agrees that plaintiffs, through former counsel,

should have been more diligent and acknowledges that the government will be burdened financially and otherwise if the Court grants plaintiffs' motion.  Given the centrality of the issues on which the expert would opine, however, the Court is persuaded that the motion should be granted with respect to plaintiffs' proposed expert.

On the other hand, the Court is not inclined to reopen discovery to permit additional document requests.  Such requests, although limited, come too late.  The Court nevertheless appreciates defendants' cooperative attitude and desire to move the case forward to trial.  To that end, they have proposed entering into a stipulation with plaintiffs under Rule 29(b) of the Federal Rules of Civil Procedure, pursuant to which they would agree to search for and produce any non-privileged documents responsive to plaintiffs' six document requests.  The Court will approve such a stipulation if tendered by the parties.  For these reasons, it is hereby

ORDERED that plaintiffs' motion to reopen discovery [Dkt. No. 391] is GRANTED in part and DENIED in part; and it is

FURTHER ORDERED that discovery is reopened for the limited purpose of permitting expert reports and testimony regarding the requirements of the A-76 process and the extent to which the FAA process was consistent with or different from the requirements and practices of other agencies conducting A-76 competitions.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  July 17, 2018