UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
KATHLEEN BREEN, et al.,                 )
                                        )
        Plaintiffs,                     )
                                        )
        v.                              )        Civil Action No. 05-0654 (PLF)
                                        )
ELAINE L. CHAO, Secretary of            )
Transportation, Department of           )
Transportation, et al.,                 )
                                        )
        Defendants.                     )
_____ )

MEMORANDUM OPINION AND ORDER

        This matter is before the Court on plaintiffs' motion to join additional plaintiffs

[Dkt. No. 399].[1] Filed pursuant to the Court's July 16, 2018 Minute Order, the plaintiffs' motion

seeks joinder of 114 additional plaintiffs who were not previously named in the complaints and

who have not previously sought to join this case.[2] The government has filed a memorandum in

opposition [Dkt. No. 401], and the plaintiffs have filed a reply in support of their motion [Dkt.

_____

        [1]      The Court has reviewed the following filings in resolving the pending motion:
First Amended Complaint [Dkt. No. 3]; Plaintiffs' Motion to Join Additional Plaintiffs ("Pl. Mot.
Join") [Dkt. No. 399]; Government's Opposition to the Plaintiffs' Motion to Join Additional
Plaintiffs ("Opp.") [Dkt. No. 401]; and Plaintiffs' Reply ("Reply") [Dkt. No. 402].

        [2]      Plaintiffs' motion to join additional plaintiffs requests that the Court allow 113
individuals to join the case. See Pl. Mot. Join at 4; Pl. Mot. Join Ex. A. Without filing a
correction, plaintiffs have indicated in a footnote in their reply brief that the original number and
list of individuals seeking to join the case was incorrect. See Reply at 2 n.3. Instead, plaintiffs
state, 114 individuals seek to join the case. See id. In their Reply, plaintiffs detail three edits to
the original list submitted to the motion as Exhibit 1, but have not provided an updated and
complete list of the movants. See id.

No. 402]. Having considered the parties' arguments, the relevant legal authorities, and the entire record in this case, the Court will deny the plaintiffs' motion without prejudice.

The Court has previously considered whether to allow additional plaintiffs to join this case and it permitted fifteen prospective plaintiffs to do so. See Breen v. Chao, Civil Action No. 05-0654 (PLF), 2018 WL 1509077 (D.D.C. Mar. 27, 2018).[3] Plaintiffs now argue that the Court should permit 114 additional plaintiffs to join the case because "[t]he Court's March 27, 2018 Order permitting the previous prospective plaintiffs into the case applies equally to the[ ] additional prospective plaintiffs at issue in this Motion." See Pl. Mot. Join at 5.

Plaintiffs assert that the 114 prospective plaintiffs' circumstances match those of the fifteen individuals who were allowed to join the case in March 2018: The prospective plaintiffs were all formerly employed as flight service controllers, over the age of 40 when they were adversely affected by the Federal Aviation Administration's ("FAA") reduction-in-force ("RIF"), and "seek to bring functionally identical claims under the [Age Discrimination in Employment Act ("ADEA")], challenging the loss of their jobs resulting from the RIF." See Pl. Mot. Join at 10. According to plaintiffs, the 114 individuals also vicariously exhausted their administrative remedies, thereby meeting the condition upon which the Court decided to admit the fifteen prospective plaintiffs. See id. at 10-11; Breen v. Chao, 2018 WL 1509077, at *6-11. In addition, the plaintiffs argue that the 114 prospective plaintiffs' claims relate back to the original complaint and – just as the Court found in relation to the fifteen individuals previously permitted to join – their claims therefore are not time-barred by the statute of limitations. See Pl.

---

[3]    The Court will limit its discussion to the facts and the procedural history most relevant to the instant motion. A more fulsome discussion of the facts of this case can be found in the Court's prior decisions. See, e.g., Breen v. Chao, 253 F. Supp. 3d 244 (D.D.C. 2017); Breen v. Chao, 2018 WL 1509077.

Mot. Join at 11; Breen v. Chao, 2018 WL 1509077, at *9-11. For these reasons, plaintiffs contend that "[t]hese additional prospective plaintiffs should . . . be permitted to join the case on the same grounds applied to the former prospective plaintiffs." See Pl. Mot. Join at 5. The question for the Court, therefore, is whether the reasoning and decision set forth in the Court's March 27, 2018 Opinion is a sufficient basis on which to permit the 114 additional prospective plaintiffs to join the case. The Court concludes that it is not.

### A. Permissive Joinder Not Barred by Rule 20 or Rule 15

In its prior decision permitting fifteen prospective plaintiffs to join this case, the Court determined that the plaintiffs met "the basic legal standards that apply to a motion seeking to amend a complaint to add a plaintiff" – specifically, Rules 15 and 20 of the Federal Rules of Civil Procedure. See Breen v. Chao, 2018 WL 1509077, at *9-11. Here, the government does not argue against the joinder under Rule 15 or Rule 20. And the Court sees no reason why the rationale that substantiated its decision to allow the fifteen prospective plaintiffs to join the case would not also apply to these 114 prospective plaintiffs. The government points to only one factor to distinguish between the fifteen plaintiffs who were allowed to join the case in March of 2018 and the 114 prospective plaintiffs now seeking to join: when plaintiffs moved to join them.

Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." See FED. R. CIV. P. 21. Under Rule 20, trial courts may allow the joinder of plaintiffs to an action if the plaintiffs "assert any right to relief . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all plaintiffs will arise in the action." See FED. R. CIV. P. 20(a)(1). In exercising this discretion, courts also assess the potential for prejudice to any party or any undue delay. See Alexander v. Edgewood Mgmt.

<u>Corp.</u>, 321 F.R.D. 460, 463 (D.D.C. 2017). Thus, the Court has discretion to permit the prospective plaintiffs to join this case, so long as it does so "on just terms," <u>see</u> FED. R. CIV. P. 21, and in accordance with Rule 20 governing permissive joinder. <u>See</u> FED. R. CIV. P. 20; <u>see also</u> <u>Alexander v. Edgewood Mgmt. Corp.</u>, 321 F.R.D. at 462-63. Just as it explained in its March 27, 2018 Opinion, the Court is not aware of any reason why the prospective plaintiffs would fail to meet the Rule 20 standard, <u>see</u> <u>Breen v. Chao</u>, 2018 WL 1509077, at *9, nor does the government articulate any opposition under Rule 20.

But a joinder pursuant to Rule 21 is "not immune from the statute of limitations." <u>See</u> 7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 1688 (3d ed. 2018); <u>see also</u> <u>Griffin v. District of Columbia</u>, Civil Action No. 93-2617 (PLF), 1996 WL 294280, at *1 n.1 (D.D.C. May 29, 1996) (explaining that the granting of a joinder motion "does not resuscitate claims that are barred by the statute of limitations."). And futility is a ground on which to deny a motion to join a plaintiff where the prospective plaintiffs' claims would not survive a motion to dismiss because of the statute of limitations. <u>See</u> <u>Fleck v. Cablevision VII, Inc.</u>, 799 F. Supp. 187, 190 (D.D.C. 1992); <u>see also</u> <u>Hawkins v. Groot</u> <u>Indus., Inc.</u>, 210 F.R.D. 226, 229 (N.D. Ill. 2002).

Rule 15 of the Federal Rules of Civil Procedure governs when, for statute of limitations purposes, an amended complaint relates back to an earlier filed complaint. <u>See</u> <u>Breen</u> <u>v. Chao</u>, 2018 WL 1509077, at *9. Although Rule 15 only expressly deals with amendments that change "the party . . . against whom a claim is asserted," usually the defendant, <u>see</u> FED. R. CIV. P. 15(c)(1)(C), the Advisory Committee's notes make clear that the Rule applies by analogy to amendments that add plaintiffs as well. <u>See</u> FED. R. CIV. P. 15 advisory committee's note to 1966 amendment; <u>see also</u> <u>Leachman v. Beech Aircraft Corp.</u>, 694 F.2d 1301, 1308 (D.C. Cir.

1982). In order to invoke the relation-back doctrine, Rule 15 requires two things: (1) the new claim must arise from the same "conduct, transaction, or occurrence" set forth in the original pleading; and (2) the party against whom the claim is asserted must have had sufficient notice of the claim. See FED. R. CIV. P. 15(c)(1)(C); Leachman v. Beech Aircraft Corp., 694 F.2d at 1308-09. Such notice must come "within the period provided by Rule 4(m) for serving the summons and complaint." FED. R. CIV. P. 15(c)(1)(C).

The Court concluded in its March 2018 Opinion that the statute of limitations did not bar the joinder of the fifteen individuals because their claims related to the original complaint, which the government did not dispute was timely filed. See Breen v. Chao, 2018 WL 1509077, at *9-10. Similarly, the Court does not see any reason why the relation back doctrine would not apply equally to the 114 prospective plaintiffs' claims. Just as with the admitted plaintiffs, the instant 114 prospective plaintiffs seek to challenge, as a violation of the ADEA, the loss of their jobs resulting from the FAA's RIF – that is, the same employment decision that serves as the basis for the current plaintiffs' claims brought under the same statute. See First Amended Complaint ¶ 1 [Dkt. No. 3]; Pl. Mot. Join at 10. The 114 prospective plaintiffs therefore meet the "conduct, transaction or occurrence" requirement, just as their previous counterparts did. See Breen v. Chao, 2018 WL 1509077, at *9-10; see also Estate of Doe v. Islamic Republic of Iran, 808 F. Supp. 2d 1, 17 (D.D.C. 2011); Page v. Pension Benefit Guar. Corp., 130 F.R.D. 510, 512 (D.D.C. 1990).

In addition, the government had sufficient notice of the 114 prospective plaintiffs and their potential involvement in the case – just as it had fair notice of the fifteen previous individuals and their claims – because the original complaint was instituted as a prospective class action. See Breen v. Chao, 2018 WL 1509077, at *10; see also Fleck v. Cablevision VII, Inc.,

799 F. Supp. at 192.  Like their predecessors, the 114 prospective plaintiffs not only fit the

definition of the prospective class – which included "approximately 834 of the FAA's 1,770

current Flight Service Controllers" – but also meet the FAA's own class definition, which

included "all Flight Service Air Traffic Control Specialists employed by the FAA who are over

40 years of age and adversely affected by the FAA's decision to eliminate federal employment

and related benefits."  See Breen v. Chao, 2018 WL 1509077, at *10.  The Court concludes,

therefore, that the joinder of the 114 prospective plaintiffs would not be futile.

Nor can the Court find any reason why prejudice should proscribe the addition of

these 114 prospective plaintiffs when it did not bar the joinder of the other plaintiffs.  Rule 21

provides that a court may allow a party to join "on just terms."  See FED. R. CIV. P. 21.  In its

prior Opinion, the Court concluded that the addition of the fifteen individuals not only met that

standard, but that allowing them to resolve their disputes on the merits would serve the interests

of justice.  See Breen v. Chao, 2018 WL 1509077, at *11; see also Alexander v. Edgewood

Mgmt. Corp., 321 F.R.D. at 462-63.  In so deciding, the Court determined that the government

would suffer only minimal, if any, prejudice, and that joinder would not create any undue delays.

See Breen v. Chao, 2018 WL 1509077, at *11.

Here, the government argues that the joinder of 114 new plaintiffs would cause

further delay and "encourage[] more potential plaintiffs to join," causing the government undue

prejudice.  See Opp. at 6.  Certainly, the addition of 114 new plaintiffs would expand the

potential liability of the government.  But there has been no substantial change in the status of

this matter since the Court's previous Order that would substantiate new cause for concern of

prejudice.  In the intervening months, the parties have engaged in limited expert discovery,

which is still on-going; the addition of 114 plaintiffs would not impact that progress.  See

February 15, 2019 Joint Status Report [Dkt. No. 419]. Moreover, any unfair prejudice to defendants may be mitigated or resolved by the Court. See Breen v. Chao, 2018 WL 1509077, at *11.

### B. Failure to Show "Good Cause" under Rule 16

The fact that the joinder of the 114 prospective plaintiffs is permissible does not end the Court's inquiry. The government opposes the joinder of these additional plaintiffs because it would contravene a prior court order. See Opp. at 1. On February 9, 2007, Judge Roberts – to whom this case was originally assigned – issued a scheduling order, ordering that all joinders of parties were to be submitted to the Court by May 8, 2007. See February 9, 2007 Scheduling Order at 1 [Dkt. No. 53]. According to the government, the plaintiffs' reliance on the Court's March 2018 decision allowing the joinder of the fifteen individuals is mistaken because those fifteen individuals sought joinder before the court-determined deadline for doing so had lapsed. See Opp. at 1. The Court agrees that this is a valid distinction. The fifteen prospective plaintiffs who were permitted to join by the Court's March 27, 2018 Order first moved to join the case on May 8, 2007 [Dkt. No. 63]. Here, in contrast, the 114 prospective plaintiffs seek joinder to the case almost twelve years after that deadline – without explanation for their delay. See id. at 1.

Rule 16 of the Federal Rules of Civil Procedure provides that "[a] schedule may be modified only for good cause and with the judge's consent." See FED. R. CIV. P. 16(b)(4). The D.C. Circuit has recognized that "[t]he good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite [its] diligence." See Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc., 630 F.3d 217, 226 (D.C. Cir. 2011) (alterations in original) (internal quotations omitted) (quoting S & W Enters., L.L.C. v. S. Trust Bank of

Alabama, NA, 315 F.3d 533, 535 (5th Cir. 2003)); see also Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) ("If the party was not diligent, the inquiry should end."); Wye Oak Tech., Inc. v. Republic of Iraq, Civil No. 1:10-cv-01182-RCL, 2018 WL 4623564, at *1 (D.D.C. Sep. 26, 2018); United States v. Kellogg Brown & Root Servs., Inc., 285 F.R.D. 133, 136 (D.D.C. 2012). "Rule 16(b)'s good cause standard focuses on the timeliness of the amendment and the reasons for its tardy submission." Ijoor v. Consummate Comput. Consultants Sys., LLC, Civil Action No. 15-1292 (ESH), 2017 WL 9613962, at *1 (D.D.C. Sep. 8, 2017) (quoting Lurie v. Mid-Atl. Permanente Med. Grp., P.C., 589 F. Supp. 2d 21, 23 (D.D.C. 2008)). In addition, even "if the moving party establishes that she acted diligently, she must also show that there is a lack of prejudice to the opposing party." See Lovely-Coley v. District of Columbia, 255 F. Supp. 3d 1, 7 (D.D.C. 2017); see also Richardson v. Yellen, 323 F.R.D. 444, 446 (D.D.C. 2018) ("To show good cause, the moving party must show both diligence and a lack of prejudice to the opposing parties.").

The government argues that these 114 plaintiffs should not be allowed to join after the court-ordered deadline has passed without demonstrating "good cause" to modify the May 2007 scheduling order – a test which plaintiffs fail to meet. See Opp. at 1. In addition, according to the government, allowing the prospective plaintiffs to join at this stage would "encourage 'wait and see' litigation tactics and undermine Rule 16(b)(4)'s purpose to keep courts in control of their dockets and avoid unnecessary delay." See id. at 5-6.[4] In response to

---

[4] The government also argues that the joinder of 114 plaintiffs will cause undue prejudice, but as discussed supra at 6-7, the Court does not agree. Regardless, as the government explains, "prejudice to the Defendants is of little relevance in the absence of a showing of diligence." See Opp. at 6; United States v. Kellogg Brown & Root Servs., Inc., 285 F.R.D. at 136.

the government's opposition, plaintiffs do not attempt to demonstrate "good cause" for adding the additional 114 individuals almost twelve years after the deadline for doing so. Instead, they reassert that the addition of these prospective plaintiffs would cause no undue prejudice to the defendants for the same reasons that the Court previously found that the addition of the fifteen prospective plaintiffs would not prejudice the defendants. <u>See</u> Reply at 1-3. In so arguing, plaintiffs propose methods through which the Court may mitigate the potential flood of additional plaintiffs should it choose to allow the instant 114 movants to join the case: certify the class or accept the moving counsel's representation that they will not file further motions to join additional plaintiffs. <u>See</u> <u>id</u>. at 2.

The Court concludes that plaintiffs have failed to show good cause to justify the addition of 114 plaintiffs at this time. The plaintiffs have not even attempted to exemplify their diligence in complying with the court-ordered schedule. Nor have they indicated that any amended timeline has superseded Judge Roberts' original Order. It is possible that there is a legitimate reason for the plaintiffs' delay that might meet the good cause standard – potentially stemming from the complicated procedural history of this case or for other reasons. But without more explanation, the Court does not see why it should allow these 114 plaintiffs to join the case over the defendants' objections.[5] As the Court previously stated, it is "necessary to establish with greater certainty and finality which individuals may participate in this case as plaintiffs." <u>See</u> May 3, 2018 Order at 1. A line must be drawn at some point because – as the government argues – it "need[s] a final and concrete understanding of the scope of [its] litigation risk." <u>See</u>

---

[5]        Attached as exhibits to their Reply, plaintiffs submit documentation that demonstrates that Larry Feazell – one of the 114 instant movants – previously communicated to prior counsel his interest in joining the case. <u>See</u> Reply at 1 n.2 & Ex. 1. Without evidence that he previously moved to join the case, the Court does not see a basis for distinguishing between Mr. Feazell and the 113 other movants requesting the Court permit their joinder now.

Opp. at 6.[6] Without a demonstration of good cause to overcome the requirements of the previous Scheduling Order almost twelve years after it was entered, the Court declines to exercise its discretion to allow 114 new plaintiffs to join this case at such a late stage.

Accordingly, it is hereby

ORDERED that the plaintiffs' motion [Dkt. No. 399] to join additional plaintiffs is DENIED WITHOUT PREJUDICE.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  March 21, 2019

---

[6]     The 114 prospective plaintiffs – a subset of the 205 individuals who have contacted plaintiffs' counsel about joining the case – are those prospective plaintiffs who had retained plaintiffs' counsel at the time of the July 27, 2018 motion.  See Reply at 2 n.3. Plaintiffs' counsel requests that those "91 individuals who contacted but did not retain undersigned counsel prior to the briefing be given an opportunity to do so" if the Court grants plaintiffs' motion.  See id.  Although the Court need not decide this now, it will not entertain future motions to join additional plaintiffs – including any of these 91 individuals – without a separate and additional showing of good cause for admitting additional parties after the deadline set by the Court's July 16, 2018 scheduling order.  See July 16, 2018 Minute Order (directing plaintiffs to file their motion seeking to join additional individuals by July 27, 2018).