UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | )
KATHLEEN BREEN, et al., | )
| )
    Plaintiffs, | )
| )
    v. | )    Civil Action No. 05-0654 (PLF)
| )
ELAINE L. CHAO, Secretary of | )
Transportation, Department of | )
Transportation, et al., | )
| )
    Defendants. | )
| )

OPINION

        This matter is before the Court on plaintiffs' motion to reinstate all individuals who have expressed their intention to participate as plaintiffs in this case [Dkt. No. 400].[1] Plaintiffs "omnibus" motion was filed pursuant to the Court's Order [Dkt. No. 389], issued on May 3, 2018, setting out a schedule "to establish with greater certainty and finality which individuals may participate in this case as plaintiffs." In that Order, the Court directed plaintiffs' counsel to submit the instant motion, "incorporating the prior requests to reinstate certain plaintiffs set forth in filings docketed as entries numbered 383 and 385" – requests on which the

---

[1] Plaintiffs filed a correction [Dkt. No. 403] on October 25, 2018. In their correction, plaintiffs explain that the list of individuals who seek reinstatement by the original motion [Dkt. No. 400] was incorrect because it omitted Mark Tobin and referred to Kathryn L. Spurlin by the wrong name. The Court, therefore, will rule on the plaintiffs' original motion [Dkt. No. 400] and the list of "voluntarily dismissed plaintiffs" submitted as Exhibit B to that motion, but will rely upon the updated list of "previous joinder plaintiffs and previously dismissed plaintiffs" attached as Exhibit A to the plaintiffs' correction ("Correction Ex. A") [Dkt. No. 403].

Court has not yet ruled because additional prospective plaintiffs continued to present themselves. See May 3, 2018 Order at 2 [Dkt. No. 389].

Plaintiffs' motion is devoid of legal argument. The Court therefore looks to the plaintiffs' previous motions [Dkt. Nos. 383, 385], which were "incorporated" into the omnibus motion. Even those prior motions contain sparse legal analysis, and instead, simply assume that the Court's previous rulings should apply equally to these instant movants and lead the Court to the same conclusion. The government has not submitted a written opposition to the omnibus motion or the "incorporated" motions. Instead, as the government explained at the status conference on May 1, 2018, it opposes all of these motions for the reasons stated in prior briefing and preserves its previously-documented opposition, submitted in response to the plaintiffs' previous motions. See also Motion to Reconsider Denial of Joinder at 2 [Dkt. No. 383]; Motion to Admit Additional Dismissed Plaintiffs at 3 [Dkt. No. 385]. Having considered the plaintiffs' motions, the relevant legal authorities, and the entire record in this case, the Court will grant in part and deny in part plaintiffs' omnibus motion to reinstate all individuals who have expressed their intention to participate as plaintiffs in this case.[2]

Plaintiffs are former flight service controllers who were all over the age of 40 when they were adversely affected by the Federal Aviation Administration's ("FAA") reduction-in-force ("RIF"). See First Am. Compl. ¶ 1 [Dkt. No. 3]. Plaintiffs brought a class action

---

[2] The Court has reviewed the following filings in resolving the pending motion: First Amended Class Action Complaint ("First Am. Compl.") [Dkt. No. 3]; Plaintiffs' Motion to Reconsider Denial of Joinder or Intervention for Three Additional Plaintiffs ("Mot. Recon. Denial") [Dkt. No. 383]; Plaintiffs' Motion to Admit Additional Dismissed Plaintiffs ("Mot. Admit. Dis. Pl.") [Dkt. No. 385]; Plaintiffs' Motion to Reinstate All Individuals Who Expressed Their Intention to Participate as Plaintiffs in This Case ("Mot. Reinst.") [Dkt. No. 400]; and Plaintiffs' Correction to Motion to Reinstate ("Correction") [Dkt. No. 403].

complaint against the FAA alleging violations of the Age Discrimination in Employment Act ("ADEA"). See id. Because the legal analysis contained herein is confined to the interpretation and application of the Court's prior opinions – in which it has recounted the facts and procedural history of this case, see Breen v. Chao, 304 F. Supp. 3d 9, 16-20 (D.D.C. 2018); Breen v. Chao, Civil Action No. 05-0654 (PLF), 2018 WL 1509077, at *1-3 (D.D.C. March 27, 2018) – the Court will now reference only those facts relevant to the instant motion.

In the instant motion, plaintiffs' counsel request that the Court reinstate 215 individuals to this case. See Mot. Reinst. & Ex. B; Correction Ex. A.[3] Those 215 individuals include: the three individuals who moved the Court on April 10, 2018 to reconsider its denial of joinder or intervention [Dkt. No. 383]; the 125 previously-dismissed individuals who sought reinstatement in the plaintiffs' previous motion filed on April 25, 2018 [Dkt. No. 385]; and three individuals who voluntarily dismissed their claims. The remaining 84 movants request to join the case as "individuals who had previously sought joinder into the case but were denied joinder and had not yet been reinstated, or whose claim was dismissed without prejudice and who had not been reinstated." See Mot. Reinst. at 2. To resolve the instant motion, the Court must consider each category of prospective plaintiffs separately.

### A. Three Individuals Seeking Leave to Join

Plaintiffs first request that the Court allow three individuals to join this case: Norman DeShon, Richard A. Hensley, and Maurice E. Michaud. See Mot. Recon. Denial.

---

[3] As discussed, see supra n.1, plaintiffs' original motion requested that the Court reinstate 214 individuals – 211 listed in Exhibit A and three in Exhibit B. See Mot. Reinst. Exs. A, B. Per plaintiffs' correction, 215 individuals are seeking to join the case per this motion; plaintiffs omitted the name of one plaintiff that should have been included in the Exhibit A list. See Correction & Ex. A.

These three individuals previously moved to join or, in the alternative, intervene in the case, see Plaintiffs' Motion for Joinder [Dkt. No. 63], and their motion was denied on January 7, 2008 by Judge Richard W. Roberts, to whom this case was originally assigned. See Breen v. Peters, 529 F. Supp. 2d 24, 29 (D.D.C. 2008).[4] Fifteen individuals – movants in the same previously-denied motion – moved for reconsideration. See Plaintiffs' Motion to Reconsider Denial of Joinder or Intervention [Dkt. No. 316]. On March 27, 2018, the Court issued an Opinion and Order by which it granted those fifteen plaintiffs' motions to reconsider the Court's prior orders and allowed them to join the case. See Breen v. Chao, 2018 WL 1509077. The three individuals now before the Court had not retained plaintiffs' counsel at the time that the motion to reconsider (as to the fifteen individuals) was filed; they therefore were not admitted pursuant to the Court's March 2018 Order. See Mot. Reinst. at 2.

Plaintiffs first moved [Dkt. No. 383] to reconsider the denial of joinder or intervention as to the three prospective plaintiffs on April 10, 2018; in the instant omnibus motion, the plaintiffs reassert that request. Plaintiffs contend that the three individuals should be permitted to join the case now under the same terms as their fifteen counterparts, arguing that "[t]he same facts and legal principles that apply to the fifteen Plaintiffs who have already been permitted to join this action apply to these Movants as well." See Mot. Recon. Denial at 2. As explained, the government has not filed an opposition to the plaintiffs' motion, but it maintains that "such joinder is inappropriate for the reasons articulated in Defendants' opposition to Plaintiffs' motion to reconsider denial of joinder or intervention." See id. at 2.

---

[4] The fact that these three plaintiffs have previously moved to join or intervene in this case distinguishes them from the 114 prospective plaintiffs who seek to join the case in plaintiffs' separate motion to join additional plaintiffs [Dkt. No. 399], which the Court denied without prejudice in a separate Memorandum Opinion and Order issued this same day. See Dkt. No. 420.

In denying the prospective plaintiffs' original motion for joinder in 2008, Judge Roberts rejected their argument that they should be permitted to join the case under the doctrine of vicarious exhaustion. See Breen v. Peters, 529 F. Supp. 2d at 27-28. Judge Roberts held that the doctrine of vicarious exhaustion could apply only where a party has undertaken the full-blown administrative complaint process required by the ADEA under Section 633a(b). See id. at 28; see also Breen v. Chao, 2018 WL 1509077, at *2. And, at the time, the complaint reflected that the original civil action claims were administratively exhausted solely pursuant to the ADEA's unique bypass provision. See Breen v. Chao, 2018 WL 1509077, at *2; Breen v. Peters, 529 F. Supp. 2d at 28. In their motion to reconsider, the fifteen prospective plaintiffs requested that the Court consider new evidence that indicated that one of the original plaintiffs – Frank Eastman – had in fact exhausted his administrative remedies under the Section 633a(b) complaint process. See Breen v. Chao, 2018 WL 1509077, at *2. The prospective plaintiffs asserted that such evidence justified reconsideration of the Court's previous denial of their joinder and demonstrated a basis for the application of the vicarious exhaustion doctrine to the prospective plaintiffs' claims. See id. at *2-3. The Court agreed: "Because their claims are so functionally similar to Mr. Eastman's claim, the prospective plaintiffs have vicariously exhausted their administrative remedies." See id. at *7. The Court further held that allowing the prospective plaintiffs to join the case would not be futile – that is, it would not be barred by the applicable statute of limitations – because the relation back doctrine applied. See id. at *9-10. Finding that it would be in the interests of justice – causing only minimal, if any, prejudice to the defendants and creating no undue delays – the Court allowed fifteen individuals to join the case. See id. at *11.

The plaintiffs argue that the circumstances presented by Mr. DeShon, Mr. Hensley, and Mr. Michaud are identical to those of the fifteen plaintiffs who previously were permitted to join this action. See Mot. Recon. Denial at 2. The government does not give the Court any reason to doubt that assertion. The only difference between the three individuals now moving and the fifteen individuals who were permitted to join is the point at which the prospective plaintiffs moved the Court for reconsideration. While it would have been more efficient if all prospective plaintiffs had sought reconsideration of the Court's previous denial of their joinder through the same motion, the Court sees no intervening reason not to grant the instant motion on the same terms as its previous decision.

The clarification that Mr. Eastman did, in fact, exhaust his administrative remedies is "good reason" for reconsideration. See Breen v. Chao, 2018 WL 1509077, at *6. The new evidence related to Mr. Eastman demonstrates that the three prospective plaintiffs (like the other fifteen) vicariously exhausted their administrative remedies. See id. at *6-8. And their claims are not time-barred by any statute of limitations because they "relate back" to the original complaint – that is, their claims arise from the same "conduct, transaction, or occurrence" as set forth in the original pleading and the government had sufficient notice of their claims. See id. at *9-10. There is also no indication that the addition of these three plaintiffs will cause any more delays or prejudice than did the addition of their already-admitted counterparts. See id. at *11. The Court recognizes that the process of finalizing the list of plaintiffs in this case has been extensive and time-consuming. In its prior Opinion, however, the Court determined that the risk of unfair prejudice and undue delay resulting from the late joinder of fifteen additional plaintiffs did not bar their addition. See id. at *11. Since that Opinion was issued in March 2018, the case has not proceeded apart from limited expert discovery related to the A-76 process.

See July 17, 2018 Memorandum Opinion and Order [Dkt. No. 397]. The addition of these three plaintiffs, therefore, would not create any new prejudice or delays.

### B. 125 Previously-Dismissed Individuals Seeking Reinstatement

Plaintiffs also request that the Court reinstate 125 previously-dismissed plaintiffs. The 125 individuals were members of the group of 667 plaintiffs who were dismissed from the case by court orders, issued in 2008 [Dkt. No. 151] and 2009 [Dkt. No. 245], for their failures to respond to defendants' discovery requests and to the Court's subsequent show cause orders. See Breen v. Chao, 304 F. Supp. 3d at 14; see also July 11, 2016 Status Report at 4 & Ex. C [Dkt. No. 290]; Mot. Admit Dism. Pl. & Exs. A, B. 226 other individuals of that group of 667 dismissed plaintiffs previously moved for reconsideration. See Plaintiffs' Motion for Reconsideration of Dismissal of Plaintiffs [Dkt. No. 317]. And on March 27, 2018, the Court issued an Opinion and Order granting plaintiffs' motion for reconsideration of the Court's previous dismissal of those 226 individuals and allowing their claims to be reinstated in this case. See Breen v. Chao, 304 F. Supp. 3d 9. The 125 previously-dismissed plaintiffs now before the Court had not retained plaintiffs' counsel at the time that the 226 individuals' motion for reconsideration was filed, and therefore were not admitted by the Court's March 2018 Order.

This group of 125 previously-dismissed plaintiffs sought reinstatement by motion to admit additional dismissed plaintiffs filed on April 25, 2018 [Dkt. No. 385]; in the instant omnibus motion, the plaintiffs reassert that request. The plaintiffs argue that the 125 individuals should be reinstated for the same reasons the Court gave for reinstatement in its March 27, 2018 Opinion and because doing so would not prejudice the government. See Mot. Admit. Dis. Pl. at 3.

7

In their previous motion for reconsideration (respecting the 226 previously-dismissed plaintiffs), plaintiffs asked the Court to review, on the basis of new evidence, its prior orders dismissing them. See Breen v. Chao, 304 F. Supp. 3d at 14-15. The new evidence presented was correspondence sent by the dismissed plaintiffs' prior counsel, which conditioned their continued representation on substantial, additional payments. See id. at 14. The plaintiffs asserted that the correspondence confused the dismissed plaintiffs, misleading them to believe that they were unrepresented, and induced their failure to respond to the Court's orders, prompting their dismissal. See id. at 14-15. The Court agreed that the new evidence justified reconsideration. See id. at 21-24. It also concluded that the extreme sanction of dismissal was not warranted as a deterrent because the submitted correspondence evidenced that plaintiffs' failures were not willful or egregious. See id. at 28. In addition, the Court determined that the dismissed plaintiffs had not significantly delayed this action or prejudiced the Court, and that allowing them to revive their claims would not substantially prejudice the defendants. See id. at 28-29. As a result, the Court reinstated 226 previously-dismissed plaintiffs. See id. at 30.

The Court concludes that the 125 previously-dismissed plaintiffs now before it should be reinstated in this case for the same reasons. In light of the new evidence presented, it appears that the dismissed plaintiffs' conduct did not warrant dismissal. It does not appear that the present movants' errors were willful or egregious and – just like their counterparts – their conduct was likely based on understandable confusion. See Breen v. Chao, 304 F. Supp. 3d at 28. In addition, the Court is not persuaded that the reinstatement of these 125 previously-dismissed plaintiffs will severely prejudice the defendants. See id. The Court already has concluded that any prejudice that would result could be resolved or mitigated by the Court. See id. at 29. So too here, any participation by the previously-dismissed plaintiffs in discovery

8

would have had limited value, primarily "due to the relative uniformity of plaintiffs' liability discovery and the ongoing need to supplement damages discovery." See id. at 29. The 125 previously-dismissed plaintiffs can be distinguished from the 226 similarly-situated reinstated plaintiffs only by the timing of their motions. Allowing the 125 previously-dismissed plaintiffs to rejoin the case now does not present any new prejudice or delay concerns, given that in the intervening year, the parties have reopened discovery only for a limited purpose related to expert discovery.

### C. The Remaining 84 Individuals

The instant omnibus motion asks the Court to reinstate a total of 212 individuals who have expressed their desire to participate as plaintiffs in this case. The 212 individuals include the 128 individuals previously discussed supra in Sections A and B.[5] That leaves 84 additional individuals who seek reinstatement. Plaintiffs' counsel have not provided any information about these 84 individuals. Specifically, plaintiffs in their omnibus motion do not specify into which category each of the 84 individuals falls, but instead move on behalf of "all previously dismissed Plaintiffs and all individuals who previously sought joinder in this action, and who have notified Plaintiffs' Counsel on or before July 31, 2018 of their desire to participate as Plaintiffs in this case." See Mot. Reinst. at 1. Since it can be inferred that each of the remaining 84 individuals fits that description, it follows that each of them necessarily would fall into one of the two categories of plaintiffs that the Court has deemed admissible above – either the 125 previously-dismissed plaintiffs or the three individuals who previously sought leave to

---

[5] The 212 individuals do not include the three individuals who voluntarily dismissed their claims discussed infra in Section D.

9

join the case.⁶  Although plaintiffs have not made any arguments or representation specific to the admission of these 84 individuals, the Court assumes that the plaintiffs are requesting the Court to apply the rationale that they have put forth with respect to the 128 other individuals to the remaining 84.

To ensure that the 84 individuals match the factual and procedural posture of the other 128 – and therefore warrant admission under the same legal justification – the Court has cross-referenced all 212 current movants listed in Exhibit A of the plaintiff's Correction [Dkt. No. 403] with the lists of individuals who were previously dismissed or have previously moved to join this case.  The Court confirms that 211 individuals are listed in the record as having been previously dismissed [Dkt. Nos. 290-3, 385-3, 385-2] or have previously moved to join this case [Dkt. Nos. 63, 383].  There is one individual listed in Exhibit A seeking reinstatement for whom the Court is unable to find any previous mention in the record:  Kendra K. Chapman.⁷  Because plaintiffs have failed to provide the Court with any information about Kendra K. Chapman, the Court is unable to confirm that she, in fact, has been previously dismissed from or has previously sought joinder to this case.  Thus, it has no basis for reinstating her.

As for the other 83 individuals, the Court will allow their admission for the same reasons set out in Sections A and B supra.  The only apparent difference between the 83

---

⁶ Presumably, the 84 additional individuals do not fall into the third category, discussed infra in Section D – the category of plaintiffs who voluntarily dismissed their own claims – or they would have been combined with the three individuals who are seeking reinstatement through the instant motion.  See Mot. Reinst. Ex. B.

⁷ The Court notes that an individual named "Denrad Chapman" is included in one of plaintiffs' prior lists of individuals who were dismissed for failure to respond to discovery requests.  See Plaintiffs' Second Status Report [Dkt. No. 290 Ex. C].  And "Kenrad Chapman" is included in the Court's list of plaintiffs who were ordered to respond [Dkt. No. 107] and subsequently dismissed in May 2008 by Court Order [Dkt. No. 151].

individuals and the 128 previously-discussed movants is the timing of their motions. The 128 individuals filed their two separate motions in April 2018 [Dkt. Nos. 383, 385], whereas the remaining 83 individuals were not brought to the Court's attention until the instant omnibus motion [Dkt. No. 400], which was filed in August 2018 following the Court's May 3, 2018 Order. Because the Court is ruling on all three motions concurrently, that difference of a few months does not present any new prejudice or delay concerns, and the Court finds no other basis by which to distinguish these 83 individuals from the 128 that are permitted to join.

### D. Three Individuals Who Voluntarily Dismissed Their Claims

Finally, plaintiffs request that the Court reconsider its previous decisions voluntarily dismissing three individuals and reinstate their claims. See Mot. Reinst. & Ex. B. These three individuals – Kenneth Filewich, Jeff Steffen, and Kevin R. Larkin – voluntarily dismissed their claims in two different ways. Kenneth Filewich and Jeff Steffen voluntarily dismissed their claims by filing a motion pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. See Consent Motion for Voluntary Dismissal of 17 Plaintiffs [Dkt. No. 60]. In so doing, Mr. Steffen acknowledged that "as a result of [his] dismissal, [he would] receive no benefit from the lawsuit." See id. Ex. 2. The Court granted the motion of Mr. Filewich and Mr. Steffen, and the two individuals withdrew from this case in 2007. See May 22, 2007 Order [Dkt. No. 67]. On the other hand, Mr. Larkin filed a notice with the Court on June 22, 2007 – in which he appears to proceed pro se – to withdraw as a plaintiff from the case. See Notice by Kevin Larkin [Dkt. No. 79]. Notwithstanding the difference in procedural posture, Judge Roberts treated Mr. Larkin's Notice as a motion to withdraw and granted the motion during a status conference held on September 14, 2007. See September 14, 2007 Minute Entry.

Plaintiffs now assert that these three individuals voluntarily dismissed their claims for the same reasons that the previously-dismissed plaintiffs failed to respond to the defendants or to the Court: Correspondence from their prior counsel confused the individuals and misled them to believe that they were required to pay a prohibitively large sum to remain in the case. See Mot. Reinst. at 2-3. Appended to plaintiffs' motion are declarations authored by each of the three individuals, explaining that all three received communications from their prior counsel requesting payment, which caused them to withdraw from the case. See Mot. Reinst. Ex. C. Plaintiffs argue that "[t]he circumstances surrounding the voluntary dismissal of these individuals [are] . . . identical to those of the involuntarily dismissed Plaintiffs who were subsequently reinstated into the case." See Mot. Reinst. at 3. The Court agrees that the same misunderstanding likely motivated the plaintiffs' motions for voluntary dismissal, but that does not end its inquiry. Unlike the individuals discussed in Sections A, B, and C of this Opinion, the facts relating to these three individuals do not match those of any group that the Court has already allowed to join this case. The Court therefore may not simply extend its prior rationale to these three individuals; it must undertake a separate analysis.

In contrast to those previously-dismissed plaintiffs who were involuntarily dismissed by court order, these three individuals voluntarily dismissed their own claims – or sought dismissal by the Court – and withdrew from the case. These individuals, therefore, are not seeking relief from an adverse judgment or decision, but are effectively asking the Court to reverse its prior decisions that granted the individuals' own requests to be dismissed from the case. In other words, they seek reconsideration of a decision of the Court which they themselves sought.

Both voluntary and involuntary dismissals are governed by Rule 41 of the Federal Rules of Civil Procedure. A plaintiff may voluntarily dismiss an action with or without a court order, subject to certain circumstances. See FED. R. CIV. P. 41(a). Under Rule 41(a)(1), to voluntarily dismiss an action without a court order, the plaintiff must file (a) "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or [(b)] a stipulation of dismissal signed by all parties who have appeared." See FED. R. CIV. P. 41(a)(1). If the plaintiff does not meet those requirements, an action may be dismissed under Rule 41(a)(2) at the plaintiffs' request – but only by court order and on terms that the court considers proper. See FED. R. CIV. P. 41(a)(2). Unless the court order dictates otherwise, a voluntary dismissal pursuant to court order is without prejudice. See id. "[A]s numerous federal courts have made clear, a voluntary dismissal without prejudice under Rule 41(a) leaves the situation as if the action never had been filed." See Guttenberg v. Emery, 68 F. Supp. 3d 184, 191 (D.D.C. 2014) (quoting 9 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2367 (3d ed. 2014)); see also McCall-Bey v. Franzen, 777 F.2d 1178, 1184 (7th Cir. 1985) (recognizing Rule 41(a) to "preserve the plaintiff's right to take a voluntary nonsuit and start over so long as the defendant is not hurt"); N.S. by and through S.S. v. District of Columbia, 272 F. Supp. 3d 192, 200 (D.D.C. 2017) ("Normally, Rule 41(a)(2) requests ask to dismiss cases without prejudice, thus allowing plaintiffs to refile the same case and re-raise the same issues."); Goddard v. Service Employees Int'l Union Local 32BJ, 310 F.R.D. 190, 193 (D.D.C. 2015).

Here, all three individuals were dismissed by court order, and thus Rule 41(a)(2) governs. See September 14, 2007 Minute Entry; May 22, 2007 Order. The governing court orders did not specify whether the three individuals were dismissed with or without prejudice, so

they are considered to be dismissed without prejudice. See id.; FED. R. CIV. P. 41(a)(2). In addition, the Court did not impose any particular conditions or terms on their dismissals. See September 14, 2007 Minute Entry; May 22, 2007 Order. It therefore follows that under Rule 41, the three individuals' cases are treated as if they had never been filed, and they therefore may move to join or intervene in the case as plaintiffs once again. A motion to reconsider a prior decision is not the proper vehicle to seek relief, however, because the prior decision was rendered on the motions of the movants themselves and in their favor. Although certain impediments may impact the success of a motion to join the case – such as statute of limitations concerns or Judge Robert's February 9, 2007 Scheduling Order [Dkt. No. 53] – it is the only appropriate means by which these three individuals may seek reinstatement.

An Order consistent with this Opinion shall issue this same day.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE: March 21, 2019