UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KATHLEEN BREEN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ELAINE CHAO, SECRETARY OF TRANSPORTATION, DEPARTMENT OF TRANSPORTATION, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )   Civil Action No. 05-0654 (PLF) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

MEMORANDUM OPINION AND ORDER

Before the Court is a Consent Motion [Dkt. No. 491] to Withdraw as Counsel for Plaintiff Kenneth Currier ("Consent Motion"). Plaintiffs' counsel Gilbert Employment Law, P.C., and Cohen Milstein Sellers & Toll, PLLC, seek to withdraw their appearance as counsel for Mr. Currier pursuant to Rule 83.6 of the Local Civil Rules. See Consent Motion at 2. They state that, in the course of negotiating the settlement in principle, counsel and Mr. Currier have reached an "irreconcilable difference about how [Mr. Currier] should proceed with his individual claim." Id. Mr. Currier now wishes to proceed pro se. Id.

Rule 83.6(c) of the Local Civil Rules states that "if [a] party is not represented by another attorney, an attorney may withdraw an appearance for a party only by order of the Court upon motion by the attorney served upon all parties to the case." The Rule further requires that the motion be "accompanied by a certificate of service listing the party's last known address and stating that the attorney has served upon the party a copy of the motion and a notice advising the party [that] if the party intends to conduct the case pro se or to object to the withdrawal, to so

notify the Clerk in writing within seven days of service of the motion." LCvR 83.6(c). Counsel appended a certificate of service to the motion and attached a copy of the notice sent to Mr. Currier.  See Consent Motion at 4; Letter from Plaintiffs' counsel to Mr. Currier [Dkt. No. 491-1]. Counsel therefore have fulfilled their responsibilities under the Local Rules.

Even where counsel has acted in accordance with Rule 83.6(c), this Court may still deny the withdrawal motion "if the withdrawal would unduly delay trial of the case, or be unfairly prejudicial to any party, or otherwise not be in the interest of justice." LCvR 83.6(d). The Court finds no cause, however, to deny the motion. The parties are engaged in settlement discussions, so counsel's withdrawal will not delay trial. Moreover, defendants and Mr. Currier consent to the motion and therefore would not be prejudiced. Finally, the Court concludes that withdrawal is otherwise in the interest of justice because Mr. Currier wishes to proceed without the advice of counsel. The Court will grant the motion to withdraw.

Defendants also request that this Court "issue an order to Mr. Currier to show cause for why his claim should not be dismissed for failure to prosecute." Consent Motion at 3. They state that "Mr. Currier has refused to respond to Defendants' outstanding discovery requests for his tax returns." Id. A Court may dismiss a claim for failure to prosecute "upon motion by an adverse party, or upon the Court's own motion." LCvR 83.23. The consent motion, however, does not contain enough information concerning the discovery issue to justify the Court's involvement at this time. If defendants wish to involve the Court in this discovery dispute, they should file a motion to dismiss for failure to prosecute to which Mr. Currier can respond. The Court will be better equipped to address this matter after full briefing. No "show cause" order will issue at this time.

Accordingly, it is hereby

ORDERED that the motion [Dkt. No. 491] of plaintiffs' counsel to withdraw as counsel for plaintiff Kenneth Currier is GRANTED; and it is

FURTHER ORDERED that defendants' request for a "show cause" order is DENIED.

SO ORDERED.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE:  December 24, 2020